FITE, solicitor-general, *v.* BLACK *et al.*, com'rs.

1. Admissions by an officer of court in an answer to a rule against him for money collected may be considered as evidence of facts necessary to establish his liability, notwithstanding the court in

its order making the rule absolute may improperly go further and order the answer to be stricken. The order to strike is irregular, and may be treated as surplusage.

2. A solicitor-general or attorney at law who, with the consent of the board of county commissioners, voluntarily hired out certain misdemeanor convicts, is not entitled to payment out of the hire for his services either in hiring or in collecting the hire. There is no law authorizing payment for such services from the funds of the county.

3. Under section 3956 of the code, a rule absolute against an officer of court for money collected bears interest from its date until satisfied, at twenty per cent. per annum, whether a written demand for payment of the money was previously made or not.

4. The fact that the rule absolute was rendered after the passage of the act of October 16, 1891, in relation to the hiring of misdemeanor convicts, does not bring the case within the provisions of that act, as it relates exclusively to cases arising from and after its passage, and the money for which the rule absolute was granted was collected before.

5. Under the decision made by this court in this case at October term, 1891 (88 *Ga.* 238), the court below did not err in making the rule against the solicitor-general absolute.

April 3, 1893. Argued at the last term.              *Judgment affirmed.*

Rule. Before Judge MILNER. Gordon superior court. February term, 1892.

A rule was brought by the commissioners of Gordon county against Fite, solicitor-general, to require him to pay over money which had been collected by him for the hire of misdemeanor convicts. Fite answered, and on the hearing the court refused to make the rule absolute, which judgment on exception was reversed by the Supreme Court. 88 *Ga.* 238. Afterwards Fite amended his answer, alleging that the costs of himself and other officers of the court and the justice of the peace and constable rendering service in each of the cases mentioned in the petition, amounted to more than the money arising from the hire of the convicts; and he asked that the same be first applied to the payment of said costs. He further alleged, that having by the consent of one of the county commissioners hired out the convicts and collected the money therefor, and all the commissioners

having since ratified his acts and will receive the benefits thereof if they are entitled to the money arising from the hire of the convicts, then he is entitled to reasonable compensation for his services, to wit $25.00. Counsel for the commissioners moved for an order striking the answer and the amendment thereto, and for a rule absolute requiring Fite to pay over the money with interest and twenty per cent. damages. The motion was sustained. Afterwards during the same term, counsel for the commissioners moved for an amendment to the previous order, which motion was granted, the judge passing the following order to take the place of the original judgment absolute: The first order by mistake does not truly express the view of the court in granting it; therefore it is amended so as to read as follows: The case was carried to the Supreme Court, and the decision was reversed by that court " because the court erred in refusing to make the rule absolute against the respondent Fite for the amount admitted in his answer to have been collected from the hire of convicts." The commissioners moved for a judgment absolute for the amount admitted in his answer to have been so collected; and the facts set up by him in the original and amended answer are considered by the court as insufficient to prevent a rule absolute from being rendered. It is therefore ordered, that the answer and amendment be stricken, that the rule *nisi* be made absolute, and that movants recover of respondent said sum with interest from the date of his acknowledgment of service on the rule *nisi*, and twenty per cent. interest on the principal debt from the date of this judgment until paid.

The respondent excepted to both orders mentioned. Errors are specially assigned, in that the court should not have awarded twenty per cent. interest on the principal debt; that the rule should not have been made absolute without evidence to sustain the petition; that the

recital of any admission in the answer was error, because the respondent made no admission of any kind whatever upon the hearing of the cause; and that the petition should have been dismissed for want of proof to support it, or the same should have been submitted to a jury to ascertain whether it was so sustained.

ALBERT S. JOHNSON, for plaintiff in error.

DABNEY & FOUCHÉ, contra.