Wyles (Commissioner) v. Berry.

---

CASE 34—ACTION BY P. P. WYLES, COMMISSIONER, AGAINST BAILEY D. BERRY ON A PROMISSORY NOTE.—OCT. 9.

## Wyles (Commissioner) v. Berry.

APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    REVERSED.

PLEADING—WITHDRAWAL OF ANSWER—ADMISSIONS THEREIN AS EVIDENCE—EVIDENCE AS TO FINANCIAL STANDING OF PRINCIPAL IN NOTE.

Held:    1. An order allowing a defendant to withdraw an answer and file another merely eliminates the pleading as a pleading tendering an issue to be tried, and does not authorize him to take it off the files.

2. Where defendant is allowed to withdraw his answer in an action on a bond, pleading that he had signed it as surety only, and to file one pleading *non est factum*, the original answer, if sworn to by defendant, or if authorized and known by him to have been made, may be proved against him as an admission.

3. In an action against the principal on a bond for money loaned by order of court, plaintiff may. show the financial condition, at the time of the loan. of a third person for whom the money was actually borrowed.

LUCIUS DESHA, ATTORNEY FOR APPELLANT.

The appellant as master commissioner of the Harrison Circuit Court, and on the order of said court brought this suit on a note for $1,343.40 against appellee, Berry, and J. I. Blanton, which was executed by said Berry as principal, with Blanton as surety to said commissioner.

Blanton made no defense. Berry filed an answer which he withdrew and then filed another pleading *non est factum*. The answer was in three paragraphs. The second was "no consideration received by him." He claims that Blanton got the proceeds for which the bond was executed. The third was a plea of estoppel, because interest had been paid and because the suit had not been brought sooner; to both of these the court sustained a demurrer, but the plea of *non est factum* was sustained and a verdict rendered for defendant Berry.

In the first paragraph of the answer he admits the allegations of the petition, that the money sued for was part of the proceeds of dower land sold under a judgment of the chancery court in an action pending therein; that said fund was in the custody of the court who made an order directing the commissioner to loan said fund and pay the interest to Mrs. Mary C. Desha. But he denies that the commissioner filed his report that he loaned the money to Berry and took the bond sued on, and denies that the report was approved or confirmed by the court and finally pleads *non est factum*.

We submit that the evidence conclusively shows that the commissioner reported the loan to the court and same was confirmed and that Berry signed the bond sued on as principal and is bound thereby, and Berry in his own evidence admits that the signature looks like his.. The only thing that Berry relies on was that Blanton got the money and that he, Berry, did not get it.

We contend that it was error in the court to allow the defendant Berry to withdraw his original answer from the record; that having once been filed, it could not be taken out of the record, and that by reason of the fact that it had been so taken out and the defendant refused to produce it the appellant had the right to prove its contents to show that the defendant therein

made an admission or a statement differing from what he swears to on the stand.

If we leave out Blanton and add to this admission the fact that the writing sued on is in regular form, and that there is nothing about it to lead to a suspicion that it is not what it purports to be, as will be seen by an inspection of the paper itself, we find the overwhelming preponderance of the evidence is against the truth of the verdict.

J. STANLEY WEBSTER, ATTORNEY FOR APPELLEE.

(No brief in the record for appellee.)

OPINION BY JUDGE O'REAR—REVERSING.

Appellee, sued as principal upon a bond for the payment of money loaned by order of the Harrison circuit court, pleaded *non est factum* to the obligation. Upon the trial the plaintiff offered to prove that appellee had filed an answer originally in the action upon the bond, pleading that he had signed it as surety only, whereas it appears to have been executed by him as principal. He was permitted, without objection, and before reply, to "withdraw" that answer, and to file another denying the execution of the paper. The trial court refused to require appellee to replace the withdrawn pleading with the files of the suit, though he admitted he had it in his possession, and refused, too, to admit evidence as to its contents.

Appellee should have been required to replace the paper among the files of the suit, and, if that could not be done, its contents should have been admitted. Even if a party is permitted, in the discretion of the court, to withdraw a pleading, it does not follow, and, indeed, it is not proper, that he should be permitted to take it off the files of the record without leaving a properly attested copy. The effect of the order permitting the withdrawal is merely to eliminate the pleading as a pleading tendering an issue to be tried in the case. If it contains an admission of fact rele-

vant to the trial, and if it is signed or sworn to by the party in whose behalf it was filed, such admission may be proved on the trial against the party making it, as may be any other admission of his against his interest. We are aware that in some jurisdictions, and in some instances in this State, pleadings are not required to be verified by the personal oath of the party, nor to be signed by him. In such cases, in the absence of showing that he authorized and knew of the making of the statement asserting a fact purporting to be within his personal knowledge, and afterward sought to be proved as an admission, it should not be allowed. But where he signs the pleading, and especially where he swears to the truth of its statements, we perceive no reason why an admission of fact in it against his interest may not be proved by his adversary, as if made under other circumstances. The weight of authority, as well as sound reason, seem to support this rule. Pope v. Allis, 115 U. S., 363, 6 Sup. Ct., 69, 29 L. Ed., 393; Delaware Co. v. Diebold, etc., 133 U. S., 473, 10 Sup. Ct., 399, 33 L. Ed., 674; Gibson v. Herriott, 55 Ark., 85, 17 S. W., 589, 29 Am. St. Rep., 17; Raridan v. Central Iowa Ry. Co., 69 Iowa, 527, 29 N. W., 599; Baltimore, etc., R. R. Co. v. Evarts, 112 Ind., 533, 14 N. E., 369; Daub v. Englebach, 109 Ill., 267; Peckham Iron Co. v. Harper, 41 Ohio St., 100; Fite v. Black, 92 Ga., 363, 17 S. E., 349; Blankman v. Vallejo, 15 Cal., 639.

The affidavit of J. I. Blanton, offered to contradict or impeach his testimony, was properly rejected, as it was not conflicting with his statements on the trial.

Evidence offered by appellant tending to show the financial worth of J. I. Blanton at the time the money was loaned, who appears to have been the person for whom the money was actually borrowed, should have been permitted.

Judgment reversed, and cause remanded for a new trial, under proceedings not inconsistent herewith.