**FOX v. GRAND UNION TEA CO.**

No. 9936.

Court of Civil Appeals of Texas. Austin.

Jan. 24, 1951.

Rehearing Denied Feb. 14, 1951.

562

Thomas & Thomas, J. W. Thomas, Belton, for appellant.

Conway & Scharff, Tom Conway, Waco, for appellee.

HUGHES, Justice.

This is a venue case.

John A. Fox, appellant, sued the Grand Union Tea Company, alleged to be a foreign corporation having an agent in this State, in the District Court of Bell County, for damages for personal injuries sustained as a result of the use of a shampoo alleged to have been manufactured and distributed by appellee.

Appellee pleaded its privilege to be sued in Tarrant County, the county of its residence. This plea was sustained.

Appellant seeks to maintain venue in Bell County under Sub. 27, art. 1995, Vernon's Ann.Civ.St., providing, in part, that foreign corporations may be sued " * * * in any county where the cause of action or a part thereof accrued * * *."

The only question presented by this record is whether the evidence sufficiently shows that appellant has a cause of action against appellee.

There is no question but that appellant has established by sufficient evidence a cause of action partly, at least, accruing in Bell County against some one, but whether this "someone" is or includes appellee is the point at issue.

Appellant was the only witness. He testified to the following events, all, except as otherwise indicated, occurring in Bell County:

In July 1949 appellant ordered a jar of shampoo from W. M. Porter, a salesman. A few weeks later the shampoo was delivered to appellant by Mr. Porter who was then driving a vehicle which, in the language of appellant, "had Grand Union on it and a circle with something that said tea or coffee or groceries or something or other like that."

Appellant paid for the shampoo by check, payable to "Grand Union" and endorsed by a stamp reading, "For deposit only— The Grand Union Company." The check cleared through the Fort Worth Clearing House.

The label from the shampoo jar purchased by appellant contained the recitation, "Distributed by the Grand Union Company. Route Division, New York City. Tested-Approved-Grand Union."

The evidence is sufficient to show that appellant was injured through the use of the shampoo purchased from Mr. Porter.

It is also shown that appellee, Grand Union Tea Company, was served with process in this case in Fort Worth, Texas.

A certificate of the Secretary of State, at Austin, shows that the Grand Union Tea Company is a New Jersey corporation; that it was granted a permit to do business in Texas in February 1941, and that such permit was surrendered in November 1941, and that since such time had not applied for a permit.

In order to reverse the judgment of the trial court we must find that the above evidence shows as a matter of law or by its overwhelming weight that the Grand Union Tea Company is the same concern as the Grand Union Company.

We do not believe the evidence meets this test.

The strongest circumstances indicating that the two concerns are the same are the similarity of names and the checks having been cashed in Fort Worth where appellee's agent was served with process. As to the latter, Fort Worth is a large town

and it could well be that it has a Grand Union Company as well as a Grand Union Tea Company. At least there is no evidence here to the contrary.

As to the similarity of names, it is common knowledge that if a commercial name becomes popular that such name will be copied, or nearly so, for the purpose of benefiting from its popularity.

In reaching the conclusion that we are not justified in upsetting the judgment of the trial judge who passed on the facts as well as the law, we are not unaware of the decision in Globe Laundry v. McLean, Tex. Civ.App., Beaumont, 19 S.W.2d 94, reviewed in Baylor Law Review, Vol. II, p. 432, and the host of following cases, where it was held that testimony showing defendant's name was on truck striking plaintiff, unexplained and uncontradicted by defendant, gave rise to inference that defendant owned truck and that driver was defendant's employee acting within the scope of his employment.

This inference arising from an identity of names has been described as " * * * a weak one, and that it is liable to be shaken by the slightest proof of facts or showing of circumstances which produce a doubt of identity." 65 C.J.S., Names, § 15, p. 32.

The same authority states that, "There is a presumption that names which are not the same refer to different persons", 65 C.J.S., Names, § 15, p. 29, and that, "A mere similarity of part of a name with another name will not establish a presumption of identity of person." 65 C.J. S., Names, § 15, p. 35.

In the case of Jackson v. Schine Lexington Corporation, by Court of Appeals of Kentucky, 305 Ky. 823, 205 S.W. 2d 1013, 1016, the court held that the words, "Schine Theatre" or " Schine Kentucky," appearing on a sign near a theatre, and the name "Schine" on a theatre ticket stub retained by plaintiff was not sufficient evidence to raise the presumption that the theatre was owned by defendant, Schine Lexington Corporation, the court saying:

"We believe it would be extending the doctrine of identity beyond its reasonable scope, if the simple similarity of part of a name of a corporation would create a presumption in favor of the party with the burden of proof.

"A presumption is based upon the proof of one fact which has a legitimate tendency to lead the mind to the conclusion that the fact to be proven exists. Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W. 2d 828. The proven fact, however, must do more than suggest the conclusion. It must be an impelling force which makes it reasonable to assume that the disputed fact is true. A mere similarity of part of a name will not establish a presumption. The proper test to be applied in such cases is thus stated in Wigmore on Evidence, Third Edition, Volume II, Section 411:

" 'The force of the inference depends on the *degree of necessariness of association of that mark with a single object.*' (Author's emphasis.)

"As far as we know, the name 'Schine' may be the true name or assumed name of any number of individuals or corporations. The single word is not sufficiently descriptive of defendant corporation. It is suggestive, but the proven fact does not carry us forward to the conclusion."

This decision and its reasoning are, in our opinion, sound, and applying them here compel rejection of the inference that "Grand Union" and "Grand Union Tea Company" refer to the same concern.

Finally, we are asked to reverse the judgment in order that the case might be more fully developed. We have no authority to reverse an errorless judgment for this purpose. National Life Co. v. McKelvey, 131 Tex. 81, 113 S.W.2d 160.

The judgment of the trial court is affirmed.

Affirmed.