## EAST KENTUCKY BEVERAGE CO.
## v. DAY.

Court of Appeals of Kentucky.

May 9, 1952.

Willis W. Reeves, Hazard, for appellant.

Will C. Hoskins, Denver Adams, Hyden, for appellee.

MOREMEN, Justice.

On the 8th day of March 1950, appellee Day's car ran out of gas near a small store operated by Mrs. Leona Morgan. He went to the store which occupied one small room and asked Mrs. Morgan if he could get some gasoline. While she was looking for a container, he went to an icebox standing near the door, which was of the type that invited self-service, and removed a bottle of Orange Crush. He pulled the cap with the opener located on the side of the cooler, immediately turned the bottle up and drank about half of it. The contents smelled rotten and gave off a bad odor, and in this statement he was corroborated by Mrs. Morgan. He immedi-

ately became sick and regurgitated the offending liquid. A friend drove him home where his father advised him to go to the office of Dr. Duff, which he did. Dr. Duff testified that Day told him he was having some small pain, and an examination of his adomen disclosed that he did have stiffness of the muscles of the abdomen. He prescribed an anti-spasmodic to relieve the cramp and a sedative to make him sleep. The following day he was given a routine recheck and, in the opinion of the doctor, was all right. Day testified that he was sick for about two weeks and had swelling. Appellee was a veteran who received a hundred per cent disability compensation from the government because he was suffering from nephritis or Bright's disease. He had been treated in several government hospitals.

He filed suit against appellant, East Kentucky Beverage Co., Inc., by which he sought damages for alleged negligence of appellant in manufacturing, transporting and selling, for resale, the bottle of Orange Crush. A verdict was returned in the sum of $1,500 and from judgment entered on that verdict this appeal is prosecuted.

At the close of appellee's testimony, a directed verdict was requested by appellant upon the ground that it had not been established appellant manufactured or sold the particular bottle which was sold to Day, and because the identity of the bottle had not been established.

 We have, in a number of cases, held that a consumer may maintain an action directly against the bottler of beverage purchased from a retailer and found to contain deleterious foreign matter which, when consumed by the purchaser, caused illness. Seale v. Coca-Cola Bottling Works of Lexington, Ky., 297 Ky. 450, 179 S.W. 2d 598; East Kentucky Beverage Co. v. Stumbo, 313 Ky. 66, 230 S.W.2d 106. But this right is predicated upon a showing that the bottling company actually sold and delivered the contaminated bottle to the retailer, and sufficient proof that there had been no opportunity to tamper with the bottle or its contents in the interim between its physical control of the bottle and that of the consumer. When these elements are established, the doctrine of res ipsa loquitur applies and the burden is placed upon the bottler to justify the occurrence. But, as it was stated in the case of Batson v. Western Union Telegraph Co., 5 Cir., 75 F.2d 154, 157, the doctrine of res ipsa loquitur applies "only when the thing shown speaks of the negligence of the defendant, not merely of the occurrence of an accident."

The competent testimony given by Mrs. Morgan reads as follows:

"Q. 10. Who delivered this to you? A. I don't know the man.

"Q. 11. You examined the bottle, did you, after that? A. Yes.

"Q. 12. What company was it that put out that bottle? (Objection) (Objection overruled) A. It was an Orange Crush by the Pepsi Cola Bottling Company. Comes the defendant and moves to exclude the answer of the witness.

"Motion overruled by the court.

"The defendant excepts to the ruling of the court.

"Q. 13. How do you get soft drinks and beverages? A. They come in cases.

"Q. 14. Does a salesman come? A. A truck comes each week.

"Q. 15. They are delivered on a truck? A. Yes."

The examination was not pursued further by counsel for appellee, because apparently he was relying upon an admission made by counsel for the beverage company outside the court room to establish the alleged fact that appellant sold and delivered the bottle of Orange Crush to Leona Morgan. This proof showed that Mr. Barrett, who was identified as being one of the attorneys for appellant, came to the office of attorneys for appellee and requested permission to have the contents of the bottle analyzed. This agreement, which was signed by attorneys for appellee and by attorneys for appellant, reads:

"Leslie Circuit Court * * *
Willie Day—Plaintiff, vs; agreement,

East Kentucky Beverage Company—Defendant. In the above styled case, a bottle labeled 'Orange Crush,' which was filled by the defendant, East Kentucky Beverage Company, and sold and delivered to Leona Morgan, of Hyden, Kentucky for resale, and sold by the said Leona Morgan to the plaintiff, Willie Day, and delivered on the day of sale to Dr. Alexander P. Duff of Hyden, Kentucky, for examination and analysis, and whereas Dr. Duff kept said bottle and its alleged contents, until today, May 18, 1950, and delivered it to Maxwell Barrett, Of Hazard, Kentucky, Attorney for defendant.

"Now it is agreed that the said Maxwell Barrett, may have the contents of said bottle analyzed by some qualified and competent, registered Chemist and that the Chemist, who may do said analysis, furnish a copy of his report to Will C. Hoskins and Denver Adams of Hyden, Kentucky, Attorneys for the plaintiff herein Willie Day."

When appellee offered this instrument (which is no more than a written permit for appellant to have the contents of the bottle analyzed), objection was made which was overruled. After it was read into the evidence, appellant moved to set aside the swearing of the jury and continue the case, and this motion was also overruled.

It was shown in the evidence that Mr. Barrett had no express authority to make such an admission and without such authority, his client is not prejudiced by his action. In the case of Jackson v. Schine Lexington Corporation, 305 Ky. 823, 205 S.W.2d 1013, 1014, we said:

"The general rule is that an attorney has no power to prejudice his client by admissions of fact made out of court. Though he may be the agent of his client, such agency does not carry the implication of authority to make binding admissions other than in the actual management of the litigation. 20 Am. Jur., Evidence, Section 592. A written admission has no more efficacy than an oral one. See 20 Am.Jur., Evidence, Section 1198, and extensive note in 97 A.L.R. 374.

"This court has followed the above general rule in Rankin v. Maxwell's Heirs, 9 Ky. 488, 2 A.K.Marsh 488, 12 Am.Dec. 431, and Wyles, Commissioner, v. Berry, 116 Ky. 377, 76 S.W. 126. In those cases it was recognized that an unsworn or unsigned pleading is not competent evidence as an admission or confession against the party on whose behalf such pleading is drafted. See also 14 A.L.R. 22 and 90 A.L.R. 1393. Though there are cases from other jurisdictions to the contrary, we consider this rule sound."

The foregoing admission should have been excluded from the evidence, and without it, there is no basis for linking the contaminated bottle with the appellant beverage company. Therefore the court should have directed a verdict in behalf of appellant at the conclusion of plaintiff's testimony.

In view of our holding, it will not be necessary to discuss several other questions raised by appellant—these are specifically reserved—with the exception of appellant's contention that the damages are excessive. We are of opinion that they are.

The judgment is therefore reversed and the case remanded for proceedings consistent with this opinion.