UNITED STATES of America, Plaintiff–Appellee,

v.

William Earl BRANDON, Defendant–Appellant.

No. 94–2408.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 1995.

Decided March 23, 1995.

Patrick Hansen, Asst. U.S. Atty. (argued), Dyer, IN, for plaintiff-appellee.

Joan Kouros (argued), Kouros & Kouros, Schererville, IN, for defendant-appellant.

Before FLAUM and EASTERBROOK, Circuit Judges, and PAINE, District Judge.*

PAINE, District Judge.

This is an appeal of a final judgment of a United States District Court, within this court's jurisdiction pursuant to 28 U.S.C. § 1291; 18 U.S.C. § 3742.

*Facts*

The Defendant was charged with four counts of wire fraud in violation of 18 U.S.C. § 1343. The four counts were based on two events: 1) the transferring of $10,000 to the Defendant on December 17, 1991, and transferring $87,500 to him on or about February 4, 1992. Count 1 alleged that Brandon caused Charles Giannetto to use interstate wire communications to further the fraud by causing Giannetto to call his bank in Rochester, Minnesota from the Northern District of Indiana, and arranging the wire transfer to the Defendant of $87,500. Count 3 charged Brandon with actually causing the wire transfer from Giannetto's bank account to Brandon's bank in Indianapolis. Counts 2 and 4 alleged that Brandon's fraud caused the telephone call and wire transfer of the initial $10,000. Prior to trial, Brandon moved in limine to exclude evidence from a grand jury subpoena and his attorney's response to the subpoena. The court's denial of that motion and admission of the response as evidence is the basis of one issue of this appeal. At the conclusion of the government's evidence, Brandon moved for a judgment of acquittal on two grounds: insufficient evidence and lack of venue. The court's denial of this motion on each ground forms the basis of two issues of this appeal. At the close of the evidence, Brandon submitted an instruction regarding the defense of "good faith." The court refused to give the instruction as formed but gave it in another form. This instruction is the basis for a fourth issue of this appeal. Following the three day trial, Brandon was found guilty on Counts 1 and 3 of the indictment. He was sentenced on June 2, 1994 and this appeal followed.

The facts forming the basis of the indictment and conviction are as follows:

Robert Knoblock was attempting to obtain financing for his pet food operation. In the Summer of 1991, Knoblock contacted the Defendant regarding trying to find a way to borrow a large sum of money. After several discussions regarding a loan, the Defendant told Knoblock that he could help him get financing. Knoblock then gave the Defendant a $30,000 check as a finder's fee for securing a $900,000 loan. The agreement between the two stated that if for any reason such loan is not closed, the finder's fee would be returned. Despite Knoblock's direction to the Defendant not to cash the check, he attempted to do so and the check was returned for insufficient funds. Knoblock again met with the Defendant and gave him a $10,000 check dated December 16, 1991. The check was written by Knoblock's son-in-law, Giannetto. This check was also returned for insufficient funds.

On December 17, 1991, after the Defendant gave Giannetto all the information necessary to wire funds to his account, Giannetto wired $10,000 from his bank account in Minnesota to Appellant's bank in Indianapolis. The wire transfer was effectuated by Giannetto during a 9 minute telephone call using interstate telephone wires. After the transfer, the Defendant called Knoblock and Giannetto and stated that he was unsuccessful in getting the loan and that more money was needed upfront. The $10,000 was later returned by the Defendant to Knoblock and Giannetto at their request.

After further discussions, the Defendant introduced Giannetto and Knoblock to Bert Fazli who was in the loan business and who met with Giannetto and Knoblock to secure

---

* Hon. James C. Paine, of the Southern District of Florida, sitting by designation.

financial documentation concerning the dog food company. After reviewing the documentation, Fazli declined to give the loan.

By the end of January, 1992, Knoblock and Giannetto were convinced by the Defendant that he had secured a significant loan for them, but that he needed $85,000 up front. The fee was later changed from $85,000 to $87,500. On February 4, 1992, in accordance with the Defendant's request and his representation that he had a definite loan commitment, Giannetto wired $87,500 from Northwest Bank of Rochester, Minnesota, to Defendant's account at Bank One in Indianapolis, Indiana. Once again, the transfer was effected through the use of interstate wires. The money was to be returned if a loan was not received.

Towards the end of March, 1992, Brandon stated to Giannetto and Knoblock that he didn't think he owed them any money back despite the fact that the loan never closed. In April, 1992, Giannetto contacted the FBI and the investigation leading to this indictment ensued.

In January, 1993, a grand jury issued a subpoena to "Brandon & Company" seeking all records regarding attempts to obtain the financing for Giannetto and Knoblock. In response to the subpoena, Brandon's then-attorney stated that there were no records that could be produced. In a letter to the Special Agent, the attorney stated "we find no documents which will be produced under and pursuant to the ... subpoena."

In an apparent attempt to establish that he had in fact paid the money back, the Defendant presented three witnesses who testified that they saw the Defendant and another man who fit the general description of Knoblock, sitting at the restaurant with stacks of money between them.

### Analysis

#### Issue I: Sufficiency of the Evidence

■ The appellate court will reverse a conviction for insufficient evidence only if, after viewing the evidence in a light most favorable to the government, it is determined that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Hooks,* 848 F.2d 785, 792 (7th Cir.1988).

■ The Defendant was convicted of two counts of wire fraud for the events occurring on February 4, 1992. There are two elements to this offense: 1) a scheme to defraud and 2) the use of a wire communication in furtherance of that scheme. *United States v. Strickland,* 935 F.2d 822, 828 (7th Cir.1991). The first element requires a specific intent to defraud. *United States v. Weidman,* 572 F.2d 1199, 1202 (7th Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

The Defendant does not seriously challenge the sufficiency of the evidence with regard to the first element. In fact, the government's case consisted of Defendant's false representations and promises to the victims of his crime in order to induce them to part with their money. There is ample evidence in this record to support the jury's verdict that Brandon had an intent to defraud when he made such representations and promises.

■ Regarding the second element, the Defendant argues that the government failed to establish that the Defendant had specific intent to use interstate wires in furtherance of the fraud. However, the government carried no such burden. The Seventh Circuit law requires only that the Defendant act with knowledge that the use of the wires will follow in the ordinary course of business, or can be reasonably foreseen, even though not actually intended. *United States v. Bonansinga,* 773 F.2d 166, 168 (7th Cir.1985), *cert. denied,* 476 U.S. 1160, 106 S.Ct. 2281, 90 L.Ed.2d 723 (1986). The evidence in this case established that Brandon gave the wiring instructions to Giannetto and also that on February 4, 1992, the Defendant could have foreseen that the transfer of funds would come from the Minnesota bank because this is the same bank from which the December 17, 1991 wire transfer came to him. The record contains sufficient evidence to support the jury's verdict that the Defendant had specific intent to use interstate wires. Therefore, the Defendant's challenge to the sufficiency of the evidence is without merit

and his conviction should be upheld on this ground.

*Issue II: Proper Jury Instruction*

 In reviewing the fitness of jury instructions to which objections were properly raised in the proceedings below, "we must determine from looking at the charge as a whole, whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine those issues." *United States v. Abdelkoui,* 19 F.3d 1178, 1182 (7th Cir.1994) (quotation, citations omitted). "The question of whether a jury has been properly instructed is to be determined not upon consideration of a single paragraph, sentence, phrase or word, but upon the charge as a whole." *United States v. Alexander,* 743 F.2d 472, 478 (7th Cir. 1984). So long as the instructions treat the issues fairly and adequately, they will not be interfered with on appeal. *United States v. Strickland,* 935 F.2d 822, 826 (7th Cir.1991).

The Defendant alleges that the trial court's decision to give the "good faith" and "honest belief" instructions in a single instruction constitutes error. He further objects to the court's inclusion of the final sentence of the instructions which stated as follows:

> In other words, you must concentrate on whether the defendant in fact made knowing misrepresentations when he entered the agreement here, and not on whether he believed he might ultimately be able to perform what he had promised.

 A defendant in a criminal case is entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence. *United States v. Douglas,* 818 F.2d 1317 (7th Cir.1987). A defendant is entitled to an instruction on that theory of defense if: the defendant proposes a correct statement of the law; the theory is supported by the evidence; the theory of defense is not part of the charge; and the failure to include such an instruction would deny the defendant a fair trial. *Id.* at 1320–21.

 In the present case, the defendant's "good faith" theory of defense was part of the charge the court gave to the jury.

The Defendant's contention that the court should have given the charges he requested and not the instruction as given, is an attack upon the sufficiency of the charge given. In *United States v. Alexander,* 743 F.2d 472 (7th Cir.1984), the Seventh Circuit approved the giving of both a "good faith" instruction and an "honest belief" instruction which contained language almost identical to the language employed by the district court in this case. The district court's combining the acceptable instructions each of which are accurate statements of the law, does not constitute error.

Further, the final sentence contained in the district court's Instruction No. 25 is also consistent with the law as set forth in *Alexander* and did not work to deprive the Defendant of a fair trial. Therefore, because the instruction given adequately covered the Defendant's proposed "good faith" defense, no basis for reversal on this issue exists.

*Issue III: Admission of Evidence*

 A decision regarding the admission of evidence is within the broad discretion of the trial judge, and will be overturned only upon a "clear abuse of that considerable discretion." *United States v. Harris,* 914 F.2d 927, 932 (7th Cir.1990).

 The defendant first contends that the district court abused its discretion in admitting the subpoena and his former attorney's response thereto because the letter from counsel should have been excluded by Fed.R.Evid. 801(d)(2)(D). Said rule states in pertinent part:

> [a] statement is not hearsay if ... [t]he statement is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of that relationship.

The Seventh Circuit has held that an attorney may be the agent of his client for purposes of Rule 801(d)(2)(D) so long as the important policies concerning effective assistance of the counsel of one's choosing are preserved. *United States v. Harris,* 914 F.2d 927 (7th Cir.1990). In the present case, the attorney who made the admitted statements did not represent the Defendant in the

criminal matter and there is no suggestion that he would have but/for the government's presentation of this evidence. Therefore, the policies weighing against admissibility of the evidence are not present in this case. Further, there is no dispute that the former attorney who made the statement was an agent of his client when he responded to the subpoena; his statement in response to the grand jury subpoena was made within the scope of that relationship. Therefore, for purposes of Rule 801(d)(2)(D), the statement was not hearsay and was properly admissible against Harris.

Further, none of the policy concerns inherent in the lawyer-client relationship were infringed by admitting this evidence. For purposes of determining whether the special policy concerns implicated by the admission of an attorney's statements as the agent of a client, we also must rely on the discretion of the trial judge and his close proximity to the parties involved. *United States v. Harris,* 914 F.2d 927 (7th Cir.1990). In the present case, the admission of the former attorney's out-of-court statements was not an abuse of his discretion. *Id.* at 932.

The Defendant next contends that admission of the statements by his attorney impaired his privilege against self-incrimination. This position was rejected by the Seventh Circuit in *Harris.* While the statement (i.e. that there were no records evidencing the Defendant's actions taken to secure the promised loan) and the inferences drawn therefrom, undermined the Defendant's theory of good faith, they did not force Brandon to take the stand to rebut them. *See, Harris,* 914 F.2d at 931. Accordingly, no basis for reversal exists with respect to the court's admission of the statement made by the Defendant's prior attorney in his capacity as agent of the Defendant.

*Issue IV: Venue*

■ At the close of the government's case in chief, for the first time, the defendant objected to venue and made a motion for judgment of acquittal for lack of proper venue. When faced with a claim of improper venue, the standard of review the court should apply is "whether, viewing the evidence in the light most favorable to the government ... the government proved by a preponderance of the evidence that the crimes occurred" in the district charged. *United States v. Males,* 715 F.2d 568, 569 (11th Cir.1983).

■ If the claimed lack of venue is apparent on the face of the indictment, an objection must be lodged before the close of the government's case. *United States v. John,* 518 F.2d 705, 708–09 (7th Cir.1975). If it is not obvious from the indictment, then it can be raised as a motion for acquittal. *Id.* at 709.

All of the facts argued by the Defendant as creating venue in a district other than the Northern District of Indiana are clearly evident on the face of the indictment. Therefore, the venue argument has been waived.

In view of all of the foregoing, the judgment of conviction must be AFFIRMED.