Michael **MOODY**, Plaintiff,

v.

**TOWNSHIP OF MARLBORO, et al., Defendants.**

Civ. No. 93–5087(CSF).

United States District Court, D. New Jersey.

April 18, 1995.

Linda B. Kenney, Red Bank, NJ, for plaintiff.

Helmer, Kassel & Stowell by Michael J. Kassel, Haddon Heights, NJ, for defendant Chief of Police, Joseph Walker.

Arthur Goldzweig, Manalapan, NJ, for defendants Tp. of Marlboro, Tp. of Marlboro Dept. of Police and Saul G. Hornik, former Mayor of Marlboro Tp.

## OPINION

CLARKSON S. FISHER, District Judge.

On this motion the court must consider the admissibility of an extrajudicial statement allegedly made to plaintiff by defendant's attorney during a break in a deposition taken in conjunction with an earlier lawsuit. Plaintiff, Michael Moody, has brought this suit against his employer, the Township of Marlboro, its former mayor, Saul G. Hornik, and its Chief of Police, Joseph Walker. Plaintiff alleges that he was passed over for promotion from patrolman to sergeant in November 1991 in retaliation for, *inter alia,* his filing of an earlier lawsuit against the defendant Township and several high ranking employees.[1] Plaintiff wishes to testify at trial regarding a statement allegedly made to him by Michael J. Kassel, Esq., defendant Walker's counsel in this case as well as in the earlier action. Specifically, plaintiff alleges that during a break in his deposition taken in the earlier suit, Kassel remarked to him that he could never expect to be promoted.

Defendant Walker moves to bar such testimony or, in the alternative, for an order allowing Kassel to serve as his trial counsel. For the reasons expressed below, defendant's motion is granted, and the testimony regard-

---

1. In the earlier lawsuit, *Moody v. Township of Marlboro, et al.,* No. 90–2387, plaintiff alleged violations pursuant to 42 U.S.C. § 1983 of his constitutional rights to freedom of expression, and pursuant to N.J.S.A. 34:19–1 *et seq.,* known as the Conscientious Employee Protection Act, alleging illegal retaliation for his "whistle blower activities." (Plaintiff's Complaint at 3.) The trial, conducted in September 1992, resulted in a jury verdict in favor of plaintiff on both counts. The jury awarded plaintiff $780.00 in damages. The Third Circuit Court of Appeals affirmed that judgment by order on February 15, 1994. This court subsequently awarded plaintiff attorneys' fees in the amount of $25,000.00. *Moody v. Township of Marlboro,* 855 F.Supp. 685, 690 (D.N.J.1994). The issue of attorneys' fees is pending before the Third Circuit.

ing the alleged statement by Kassel is barred.

The following excerpt from plaintiff's answers to defendant's special interrogatories is relevant for purposes of this motion.

*Question:* State the factual basis for Plaintiff's claim that Chief of Police Walker has made it known that it is his intention that Moody "never be promoted because of his critical speech and subsequent lawsuit which indicated in their minds that Moody was not a 'team player.'"

*Answer:* Plaintiff contends that it was well known around the Department that Joseph Walker would never promote Plaintiff and that upon the creation of any civil service list, he would bring this officer up on charges. Also, Mr. Walker's lawyer at deposition stated that after suing the Chief that I could never expect to be promoted.

(Plaintiff's Answers to Special Interrogatories at 1–2.)

Plaintiff contends that during a break in his August 6, 1991, deposition, which was taken in the context of plaintiff's previous federal lawsuit against the Township, Kassel informed him that he could never expect to be promoted. (Moody Dep. at 43.) The following exchange, regarding the alleged statement at issue herein, occurred between plaintiff and Kassel while plaintiff was being deposed in this case.

Q: Did you take this alleged comment I said seriously?

A: Yes. It was a comment I made note of.

Q: Your lawyer was right there?

A: Yes.

Q: Why wouldn't you have told your lawyer that the lawyer for the chief has told you that you would not be promoted in retaliation for the lawsuit?

Why would you not tell Ms. Breuninger that right then and there?

A: That did not have anything to do with the case.

Q: If I tell you the conversation occurred in 1991, would you agree with me?

A: Yes, sounds good.

Q: In calendar year 1991, did you ever allege that anybody, I, Mike Kassel, told you at a deposition that you would not be promoted in retaliation for filing a lawsuit?

A: No.

Q: How about calendar year 1992?

A: I don't confide in many people.

Q: The answer is no?

A: No.

Q: How about calendar year 1993?

A: I don't know. When did I fill these out?

Q: The first time you made the allegation that in a deposition I told you that you would not be promoted in retaliation for filing the lawsuit is when you answered the interrogatories in this lawsuit.

A: I believe I discussed it with my attorney prior to that.

Q: The first time it appeared in writing is in these Answers to Interrogatories?

A: As I recall it, yes.

Q: Three years after this allegedly occurred?

A: Yes.

(Moody Dep. at 45–46.)

Defendant seeks to bar testimony by the plaintiff regarding the alleged statement by Kassel. Plaintiff at deposition did not recall whether anyone else was present when Kassel allegedly made the statement. (Moody Dep. at 42.) Prior to the alleged statement by Kassel, plaintiff's conversations with Kassel had been limited to "small talk." (Moody Dep. at 43.) At deposition, plaintiff stated that his earlier suit against the Township did not involve the issue of his promotion. (Moody Dep. at 44.)

Defendant contends that the Kassel statement is inadmissible hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay is not admissible except as provided by the Federal Rules of Evidence or the Supreme Court. Fed.R.Evid. 802. However, certain out-of-court statements offered to prove the truth of the matter asserted are

not hearsay under the Federal Rules. An admission by party-opponent is not hearsay if it "is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship...." Fed.R.Evid. 801(d)(2)(D). Plaintiff argues that the extrajudicial statement by Kassel constitutes an admission by a party-opponent[2] and, thus, not hearsay.

An attorney may in fact be an agent of his client for purposes of Rule 801(d)(2)(D). *See United States v. Brandon,* 50 F.3d 464, 467–68, 1995 WL 122136, *3 (7th Cir. (Ind.)). Obviously, in the course of taking plaintiff's deposition on August 6, 1991, Kassel acted within the scope of the attorney-client relationship and, thus, as the agent of defendant Walker. However, it is just as clear to the court that under these facts, where he made the alleged statement during a break in the deposition, Kassel acted outside the scope of the attorney-client relationship.

Extrajudicial statements made by an attorney in casual conversation are typically not admissible against his client as an admission under Rule 801(d)(2)(D). McCormick, *Evidence,* (4th ed.1992), § 259 at 163–64; *see, e.g., Jackson v. Schine Lexington Corp.,* 305 Ky. 823, 825, 205 S.W.2d 1013, 1014 (1947). The alleged statement by Kassel was uttered in informal conversation with the plaintiff, and not in the context of Kassel's actual management of the 1991 lawsuit. Plaintiff at deposition stated that his first lawsuit against the Township did not implicate the issue of promotion. (Moody Dep. at 44.) Thus, for

purposes of Rule 801(d)(2)(D), Kassel did not act within the scope of his agency when he allegedly spoke to plaintiff. In fact, since plaintiff's future prospects for a promotion were not in issue in the context of the August 6, 1991, deposition, Kassel *could not* have been acting within the scope of his representation of defendant Walker by making such a remark. The court finds that the Kassel statement does indeed constitute hearsay, as it is not the admission of a party-opponent, and does not fit in any of the enumerated exceptions to Rule 803.[3]

Nor does the so-called residual exception to the hearsay rule apply in this case. Fed.R.Evid. 803(24). This rare exception applies only where sufficient indicia of reliability justify the admission of the hearsay into evidence. *Ciccarelli v. Gichner Systems Group, Inc.,* 862 F.Supp. 1293, 1300 n. 8 (M.D.Pa.1994) (*citing United States v. Kim,* 595 F.2d 755, 765 (D.C.Cir.1979)). In the instant case, several factors indicate that plaintiff's proposed testimony as to Kassel's statement is unreliable. Plaintiff did not bring to light his encounter with Kassel until 1994, some three years after the alleged statement occurred. As discussed above, plaintiff's "promotion wasn't even an issue" at the time Kassel allegedly made the statement to him. (Moody Dep. at 44.) This fact makes it unlikely that defendant's lawyer would have had reason to make such a statement to him. Further, plaintiff did not mention the alleged statement to his counsel, who was present at the deposition. Seeing no indicia of reliability in plaintiff's proposed testimony, the court finds that the residual exception of Rule 803(24) does not apply.[4]

---

2. Plaintiff, without citing any Federal Rules of Evidence, asserts that the Kassel statement is an "admission against interest." Plaintiff's letter brief in opposition at 2. The court assumes plaintiff grounds his opposition in Rule 801(d)(2). If plaintiff argues pursuant to Rule 804(b)(3) that the Kassel remark should be admitted as a statement against interest, his argument is unpersuasive. Kassel's alleged remark to plaintiff that he ought not expect a promotion was not at the time contrary to Kassel's pecuniary or proprietary interest, nor did it tend to subject Kassel to civil or criminal liability. Fed. R.Evid. 804(b)(3). In any event, the court doubts that Kassel is unavailable for purposes of implicating Rule 804.

3. Had the court concluded otherwise, it would have excluded plaintiff's proposed testimony pursuant to Rule 403. Fed.R.Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

4. The court notes that it does not consider an indicium of unreliability the fact that, as defendant notes, a practicing lawyer would not likely be so foolish as to make the type of comment at issue herein. Rather, the court has examined the particular circumstances surrounding this state-

In conclusion, the court finds that plaintiff's proposed testimony regarding the alleged statement by Kassel is not admissible for any purpose. The court need not reach defendant's alternative prayer for an order permitting Kassel to serve as his trial counsel, as the issue is moot. Accordingly, defendant's motion to bar testimony is granted. An order accompanies this opinion.

ment and concluded the evidence to be unreliable. The court feels obliged to mention in passing that if, in fact, Kassel engaged the plaintiff in "small talk" as would appear from the plaintiff's deposition testimony quoted *supra,* he foolishly subjected himself to the possibility that a situation such as that presented on this motion would arise.