74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chester O. McNETT, Jr., Defendant-Appellant.
 No. 95-2443.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 8, 1995.
Decided Jan. 3, 1996.
 
 Before POSNER, Chief Judge, and LAY* and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Chester McNett ("McNett") was charged with one count of conspiring to distribute methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1) and Sec. 846; and three counts of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. At trial, a jury found him guilty on all counts, and McNett was sentenced to 240 months imprisonment and a term of five (5) years supervised relief. This appeal followed.
 
 
 2
 McNett raises two arguments on appeal. First, he claims prejudicial error in the government's amendment of the indictment one day prior to trial, by changing the date of the offense alleged in Counts III and IV from September 1990 to September 1989, to conform with the date alleged in Count I.[1] The government claims this was a clerical error, and the district court granted the government's motion to amend over McNett's objection.
 
 
 3
 Second, McNett contends that the evidence was insufficient to sustain his convictions under Count II and III, both of which allege that, in or about May 1989, in the Southern District of Indiana, McNett knowingly possessed with the intent to distribute methamphetamine, a narcotic substance. We affirm his judgment of conviction.
 
 A. The Amendment of the Indictment
 
 4
 McNett contends the district court erred in granting the government's motion to amend its scrivener's errors in the indictment. He suggests he has a right to receive notice of the specific charge, and to be heard in a trial of the issues raised by that charge. Alleging a crime in the wrong year is confusing and misleading, he contends, and he was thus deprived of the adequate notice he deserved. McNett asserts that the errors here were particularly misleading, because the conspiracy charged in Count I was alleged to have continued until August 31, 1990.
 
 
 5
 Where the government seeks to amend an indictment for the purpose of correcting a nonsubstantive error, the decision to grant its motion to amend will generally be reversed only if the variance granted was material and prejudicial to the defendant. See United States v. Willoughby, 27 F.3d 263, 266 (7th Cir.1994) (amendments of technical, clerical, or other typographical errors "are generally benign" if they "would not alter the essential substance of the charged offense"); United States v. Leichtnam, 948 F.2d 370, 376 (7th Cir.1991) (modification "to correct for a typographical or clerical error or a misnomer" such as an incorrect date is permissible "unless the particular date is an important element of the charged offense"); United States v. Cina, 699 F.2d 853, 857 (7th Cir.) ("In general, either an amendment or a variance will be allowed to stand if it does not change an 'essential' or 'material' element of the charge so as to cause prejudice to the defendant."), cert. denied, 464 U.S. 991 (1983). Here, Count I set out the same acts that were substantively charged in Counts III and IV, correctly reciting the years in which they occurred. Moreover, two weeks before trial, McNett received copies of grand jury testimony that set out the correct dates. These facts, and the fact that McNett fails to show the specific manner in which he was prejudiced by the errors, justify affirmance. We find no prejudicial error.
 
 B. The Sufficiency of the Evidence
 
 6
 McNett also contends the evidence was insufficient to support his conviction under Counts II and III, both of which allege that, in or about May 1989, in the Southern District of Indiana, McNett knowingly possessed with the intent to distribute methamphetamine, a narcotic substance. He asserts this as a sufficiency of the evidence argument, and the government characterizes it as a venue argument. It, of course, can also be viewed as a variance argument.
 
 
 7
 Venue is not an essential element of the offense charged. Thus, the government bears the burden of proving venue by the preponderance of the evidence. See United States v. Sax, 39 F.3d 1380, 1390 (7th Cir.1994); United States v. Hatchett, 31 F.3d 1411, 1424 (7th Cir.1994).
 
 
 8
 The government argues that McNett has waived any objection to venue by failing to raise a timely objection thereto. See United States v. Brandon, 50 F.3d 464, 469 (7th Cir.1995); United States v. John, 518 F.2d 705, 708-09 (7th Cir.1975). It is argued that venue must be raised either before the close of the government's case or at defendant's motion for acquittal, depending upon whether the claimed lack of venue is apparent from the face of the indictment. McNett, the government contends, failed to raise it at either opportunity. In view of the government's alternative claim, we need not decide this issue.
 
 
 9
 The United States contends that the allegation was proper. We agree. A federal offense may be prosecuted "in any district where [the] 'offense was begun, continued, or completed.' " United States v. Molt, 772 F.2d 366, 369 (7th Cir.1985) (quoting 18 U.S.C. Sec. 3237(a)) (alteration added), cert. denied, 475 U.S. 1081 (1986). During the conspiracy, McNett was a source of methamphetamine from California, and the evidence suggests that on one occasion he even entered the Southern District of Indiana to deliver methamphetamine personally. These facts, together with the continuing nature of the offense, demonstrate that the government met its burden of proving venue by a preponderance of the evidence. See Sax, 39 F.3d at 1390; McDonough, 603 F.2d at 22. For the same reasons, it cannot be argued that there exists a prejudicial variance. As the Sixth Circuit has stated:
 
 
 10
 Here, the possession offense was continued and completed in Michigan when narcotics were distributed to various purchasers. Thus, even though [defendants] never themselves appeared physically in Michigan, the offense continued in the state. The government met its burden of showing by a preponderance of the evidence that the trial occurred in the same district as the criminal offense.
 
 
 11
 United States v. Medina, 992 F.2d 573, 587 (6th Cir.1993), cert. denied sub nom. Wilson v. United States, 114 S.Ct. 1049 (1994). As in Medina, McNett's offense was completed in the district in which he was charged. No more is required.
 
 
 12
 The judgment of conviction is AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 Counts III and IV of his original indictment each charged McNett as follows:
 In or about September, 1990, in the Southern District of Indiana, Evansville Division, CHESTER McNETT, defendant herein, did knowingly possess with intent to distribute approximately sixteen pounds of methamphetamine, a Schedule II Non-Narcotic Controlled Substance.
 All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.