**E. E. CRAVENS, Appellant,**

v.

**F. R. WATSON, Appellee.**

No. 13029.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 19, 1956.

Lewright, Dyer & Redford, Corpus Christi, for appellant.

Terry, Martin & Bonilla, Dean B. Kirkham, Corpus Christi, for appellee.

NORVELL, Justice.

The court below overruled the plea of privilege of appellant, E. E. Cravens, to be sued in Bexar County, where he resided, upon the theory that venue could be maintained in Nueces County under exception No. 9a of Article 1995, Vernon's Ann.Tex. Civ.Stats. It was shown that appellee, Watson's car was involved in a collision with another automobile in Nueces County, but it was not shown that Cravens or anyone under his control was driving this "other car" at the time of the collision.

Exception 9a expressly provides that:

"The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. *That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.*

"3. That such negligence was a proximate cause of plaintiff's injuries."

As appellee failed to prove an essential venue fact set forth in the statute, the order appealed from must be reversed.

Cases such as Globe Laundry v. McLean, Tex.Civ.App., 19 S.W.2d 94, and Mrs. Baird's Bakery v. Davis, Tex.Civ.App., 54 S.W.2d 1031, involving the "branded car" doctrine, are not in point as there was no proof that the automobile involved in the collision with Watson's car bore the name of appellant, Cravens, or any other insignia for that matter.

The order appealed from is accordingly reversed, appellant's plea of privilege sustained and the cause transferred to the District Court of Bexar County.

Reversed and rendered.