Frank TAYLOR, Appellant,

v.

Eddie Parks MARTIN, Appellee.

No. 4303.

Court of Civil Appeals of Texas.

Waco.

Dec. 31, 1964.

Rehearing Denied Jan. 21, 1965.

We sustain this point and it will require the judgment of the trial court to be reversed and rendered and the cause transferred to the District Court of Limestone County, Texas.

Appellee brought this action in the District Court of Hill County against Frank Taylor, a resident of Limestone County, seeking recovery of personal injuries alleged to have been sustained through the negligence of Ruth Stuart Taylor. Mrs. Taylor was not made a party to the action and is not before the court. Defendant filed his plea of privilege in statutory form and plaintiff filed his controverting affidavit asserting venue under Sub-division 9a of Article 1995, V.A.T.S., aforesaid. The cause was tried before the court without the aid of a jury.

Plaintiff went to trial on his original petition. The pertinent parts thereof are: (1) That the defendant is a resident of Limestone County; (2) That on "May 1, 1964, said defendant's wife, Ruth Stuart Taylor, while operating a motor vehicle owned by defendant, negligently caused her motor vehicle to collide with a motor vehicle in which plaintiff was an occupant, proximately causing plaintiff to suffer and sustain severe physical injuries to her body, her damages in the sum of $50,000.00."

Strasburger, Price, Kelton, Miller & Martin, A. D. Bynum, Dallas, for appellant.

Dunnam, Dunnam & Dunnam, Waco, for appellee.

TIREY, Justice.

This is an appeal from an order overruling the defendant's plea of privilege to be sued in Limestone County, the county of his residence. Appellant's Point One is: .

"The trial court erred in overruling defendant's plea of privilege because plaintiff wholly failed to prove any act or omission of negligence by the defendant as required by Article 1995, subdivision 9a, Vernon's Annotated Texas Statutes."

There is no testimony in the record to the effect that the defendant Taylor was with Mrs. Ruth Stuart Taylor at the time of the accident, or that he was in any manner connected with the accident. Plaintiff does not allege any act or acts of negligence on the part of Frank Taylor. Neither do the pleadings allege there was any agency or control by the defendant over the driver of the automobile which allegedly struck the automobile in which the plaintiff was a passenger. It is appellee's contention that under the above record that venue lies in Hill County, the place of the accident, because the community estate is liable for all torts of the wife. Moody v. Clark, Tex. Civ.App., 266 S.W.2d 907, (n. r. e.); Turner v. Turner, 385 S.W.2d 230 (Sup.Ct., No-

vember 25, 1964, Tex.Sylb. No. 8). Appellee contends since Mrs. Taylor committed a tort, that she, as a matter of law, is always an authorized representative of the community estate, including the husband's share therein, and since the personal estate of the husband is not sued, but only the community estate, that he has carried his burden of establishing the venue facts necessary to sustain venue in Hill County. We are not in accord with this view.

The pertinent parts of Sub-division 9a, of Art. 1995, V.A.T.S., applicable herein are:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed;

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment."

■ We are of the view that the evidence is sufficient to sustain the court's implied finding to the effect that the negligence complained of occurred in Hill County, but we are of the further view that the evidence wholly fails to satisfy the requirement of Section 2 aforesaid. It is without dispute that defendant was not there in person and had nothing whatsoever to do with the accident. We likewise think the evidence is wholly insufficient to show that defendant's wife, at the time of the accident, was acting as his servant, agent or representative, acting within the scope of defendant's employment. There is an absence of testimony to show where Mrs. Taylor was going, or what her mission was in making the trip, and there is certainly nothing to show that at the time she was acting under the authority, or that she was in any wise under the control of her husband while she was operating the car. It is our view that under the undisputed factual situation here, it was necessary to prove actionable negligence of the defendant in person, or that of his agent, servant or representative acting within the scope of his employment, and this plaintiff wholly failed to do. See Cravens v. Watson, Tex.Civ. App., 293 S.W.2d 839, (n. w. h.). Moreover, there is no showing that Frank Taylor himself was guilty of any act of negligence. Neither was it shown that there was any agency between Frank Taylor and his wife, Ruth Stuart Taylor. The plaintiff wholly fails to allege and prove that Frank Taylor or his authorized agent committed any negligent act in Hill County and, therefore, venue cannot be sustained in Hill County as against Frank Taylor. Moore v. Hoover, Tex.Civ.App., 150 S.W.2d 96, (n. w. h.).

■ Finally, we think it is well settled in Texas that a husband is not liable for the torts of the wife, unless she is acting in the capacity of the husband's agent, and acting in the scope of her employment as such agent. In Missouri-Kansas-Texas R. Co. v. Hamilton, Tex.Civ.App., 314 S.W.2d 114, (n. r. e.) we find this statement:

"It has long been the law in Texas that the relation of husband and wife does not create the one as general agent of the other." Citing many cases.

The San Antonio court in the recent case of Graham v. McCord, Tex.Civ.App., 384 S.W.2d 897, dated November 18, 1964, in discussing a similar situation to the one here, and particularly as it involves Article 1995, V.A.T.S., Sec. 9a, sections 1 and 2 aforesaid held that plaintiff had to prove:

"That such act or omission was that of the defendant, in person, or that of his

servant, agent or representative acting within the scope of his employment."

This, plaintiff here wholly failed to do. In other words, plaintiff wholly failed to show that the tort of Mrs. Taylor was that of her husband, and this being true, no venue facts were established that would authorize the maintenance of the suit against Taylor in Hill County. See foregoing cases and authorities there cited. Under the foregoing view, it is our duty to reverse and render this cause.

Reversed and rendered, and the cause is hereby transferred to Limestone County pursuant to the provisions of Rule 89, Texas Rules of Civil Procedure.