Merwin A. **TURNER**, Appellant,

v.

Virginia W. **ROBERTS** et vir, Appellees.

No. 17540.

Court of Civil Appeals of Texas,
Fort Worth.

Sept. 20, 1974.

---

Kelly & Walker, and Jearl D. Walker, Fort Worth, for appellant.

Sears, Parker, Quisenberry & Spurlock, and Dean Spurlock, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Venue of suit filed was sought by plaintiffs, Virginia W. Roberts, et vir, to be retained in the county wherein it was brought against defendant Merwin A. Turner. They relied upon the provisions of Vernon's Ann.Civ.St. 1995, "Venue", Sec. 9a, "Negligence". From the order overruling the defendant's plea of privilege there was an appeal.

This was a vehicular collision case where the only evidence concerning the identity of the driver of the vehicle with which plaintiffs' automobile had come into collision was by Mrs. Roberts' testimony, viz: "Q. . . . And do you know exactly who the man was that was driving that automobile that struck you?" "A. His name was Turner." At the plea of privilege hearing the named defendant, Merwin A. Turner, was not personally present.

A requirement under Sec. 9a, upon which plaintiffs rely, is that plaintiff prove the negligent act or omission "was that of the defendant, in person, or that of his servant, agent (etc.) . . . ."

The question to be resolved is whether the testimony of Mrs. Roberts satisfied the requirement to show that defendant was the driver of the other automobile as alleged.

In Texas a similarity of name, where the similarity is sufficiently shown, raises the presumption of identity, but nevertheless there is dependency upon whether the issue thereon sought to be raised is sufficiently supported by evidence. Steiner v. Jester, 86 Tex. 415, 25 S.W. 411 (1894). The pronouncement upon the law in the opinion, of which that noted was a part, is applicable to a venue case. Eilar v. Theobold, 201 S.W.2d 237 (San Antonio, Tex. Civ.App., 1947, no writ history). Discussion thereon is in Denham v. Smith, 258 S.W.2d 419, 422 (Austin, Tex.Civ.App., 1953, no writ history).

In Fox v. Grand Union Tea Co., 236 S.W.2d 561 (Austin, Tex.Civ.App., 1951, mandamus overruled) Judge Hughes had occasion to make the test in an analogous case where the identity of the appellee was sought to be proved merely by evidence that a certain article bought by appellant was paid for by a check to "Grand Union", which check was endorsed by "Grand Union Company", and that the label on the container read "Distributed by the Grand Union Company. Route Division, New York City. Tested-Approved-Grand Union."

The inference arising from an identity of names has been described as a weak one, which is liable to be shaken by the slightest proof of facts or showing of circumstances which produce a doubt of identity. 65 C.J.S. Names § 15 Evidence–b. Presumptions and Inferences, p. 44. The presumption or inference is greatly lessened, or is inapplicable, where the name is a common one or one of common occurrence, or is a common one in the vicinity, where it is shown that at the time involved another person or persons of the same name resided in the vicinity, etc. (p. 46 under the same section). Furthermore a mere similarity of part of a name with another name will not establish a presumption of identity of person (p. 47 under the same section). It was upon the failure to establish the element last mentioned, plus

the presumption that names which are not the same refer to different persons, that Judge Hughes wrote in Fox v. Grand Union Tea Co.

In Fox v. Grand Union Tea Co., Judge Hughes saw fit to quote with approval from the case of Jackson v. Schine Lexington Corporation, by Court of Appeals of Kentucky, 305 Ky. 823, 205 S.W.2d 1013, 1016. Therein the court held that the words "Schine Theatre" or "Schine Kentucky", appearing on a sign near a theatre, and the name "Schine" appearing on a theatre ticket stub retained by plaintiff, was not sufficient proof to raise the presumption that the theatre was owned by the defendant against which plaintiff sought to maintain suit. The court stated that the single word "Schine" was not sufficiently descriptive of the defendant; that in the opinion of the court it would be extending the doctrine of identity beyond its reasonable scope if the evidence exhibited should be held to have created a presumption in favor of plaintiff, who had the burden of proof.

█ We find ourselves in accord, though in the instant case we would be unable to consider the presumption of the law that names not the same refer to different persons. However, as noted heretofore, a mere similarity of part of a name with another name will not establish the presumption of identity of person. On that premise we hold that plaintiff has not discharged the requisite burden of proof to retain venue in the county of suit. There are too many people who have the surname Turner.

In view of the foregoing our holding is controlled by the same law which was the basis of the decision in Cravens v. Watson, 293 S.W.2d 839 (San Antonio, Tex.Civ. App., 1956, no writ history). On hearing of this character of case it is essential that plaintiff, in order to maintain venue, show by evidence that the defendant, or someone under his control, was driving his vehicle.

While the decision thereon is close and it is recommended that upon another hearing there be more positive evidence our holding is that plaintiff did discharge the requisite burden of proof in all particulars other than that of identity.

Judgment of the court below is reversed, and, under the authority of Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948) the cause is remanded, since it is a venue case in which it is obvious that plaintiffs' case has not been fully developed.