**Mrs. Jimmy Lee BRATTON Individually and as Community Survivor of Jimmy Lee Bratton, Deceased, Appellant,**

v.

**Martha ALEXANDER, Appellee.**

**No. 8254.**

Court of Civil Appeals of Texas, Beaumont.

May 17, 1979.

Ralph M. Zeleskey and Paul A. Clark, Lufkin, for appellant.

C. B. Stanley, Houston, for appellee.

DIES, Chief Justice.

On August 4, 1976, in a two-vehicle collision in Montgomery County, Jimmy Lee Bratton was killed, and Martha Alexander was injured. The latter, as plaintiff below, sued Bratton's wife as Community Survivor in Montgomery County, defendant below. Defendant filed a plea of privilege to remove the cause to Angelina County, which was overruled, and from which defendant brings this appeal.

Plaintiff's suit was filed in Montgomery County on November 8, 1976. At that time, *Section 9a* of *Tex. Rev.Civ.Stat.Ann. art. 1995* (Vernon 1964), provided:

"9a. Negligence—a suit based upon negligence . . . may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish . . . to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

Defendant urges that the existence of the marital relationship does not make the husband the wife's agent within the purview of this statute, citing *Taylor v. Martin*, 386 S.W.2d 211 (Tex.Civ.App.—Waco 1965, writ dis'm).

Plaintiff counters that effective August 29, 1977 (before this plea of privilege was heard), *Subdivision 2* (Vernon Supp. 1978) was amended as follows:

"That such act or omission was that of the tort-feasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator or guardian."

We deem it unnecessary to decide whether the previous (Vernon 1964) or the amended *Section 9a* of *Tex.Rev.Civ.Stat.Ann. art. 1995* (Vernon Supp. 1978) applies. For assuming, arguendo, as plaintiff urges that *9a* as amended is applicable, defendant must be shown as ". . . the person whose estate the *defendant represents as executor, administrator, or guardian*." We have been cited to no case, nor have we independently found one, construing this language. But clearly, we think, this requires "qualification" in court by the defendant. Here the defendant is the widow of the deceased driver and has not been appointed or qualified judicially in any manner required by the amended section. For this reason we hold it was error for the trial court to overrule the plea of privilege, reverse said order, and order that this cause be transferred to one of the District Courts of Angelina County.

REVERSED and REMANDED with instructions.

KEITH, J., concurs in the reversal of the trial court's judgment.