**Charles REDD et al., Appellants,**

v.

**R. J. RIEDEL, Appellee.**

**No. 6107.**

Court of Civil Appeals of Texas, Waco.

Aug. 23, 1979.

William W. McNeal, Luling, Fred Clark, New Braunfels, for appellants.

Steven D. Browne, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs from an order of the trial court sustaining defendant's plea of privilege.

Plaintiffs Charles Redd, Katie Dorn, Allan Sturges and wife Patsy Sturges filed suits in Guadalupe County against defendant R. J. Riedel for damages for personal injuries resulting from an automobile collision that occurred on December 18, 1976. Defendant filed pleas of privilege in each of the three suits to be sued in Karnes County, the county of his residence, and plaintiffs filed controverting pleas that venue is sustainable in Guadalupe County under Subdivision 9a, Article 1995. The three suits were consolidated and trial before the court, resulted in the trial court's order sustaining the pleas of privilege of defendant.

Plaintiffs appeal on 2 points asserting the trial court erred in sustaining defendant's pleas of privilege in that: 1) plaintiffs' evidence made a prima facie case of liability; 2) such action was contrary to the overwhelming weight and preponderance of the evidence.

Plaintiffs alleged that defendant Riedel was driving a pickup truck pulling a gooseneck cattle trailer east on U.S. Highway 90 at or around 1 AM on December 18, 1976; that defendant either stopped his vehicle and trailer on the San Marcos River bridge on Highway 90 or slowed to a very slow rate of speed; that plaintiff Sturges was driving in the same direction, and because defendant's vehicle and trailer had no rear lights, swerved to the left to avoid colliding with the trailer, but causing a head-on collision with a vehicle driven by plaintiff Redd. Both drivers, as well as their passengers, received injuries as a result of the collision. Plaintiffs allege Riedel negligent in stopping his vehicle on the bridge and in operating without rear lights. The collision occurred in Guadalupe County.

The defense was that defendant Riedel was not present at the scene of the collision and that his truck and trailer were not involved.

Plaintiff Redd testified he saw the pickup with two headlights coming; that another car pulled out from behind the pickup into his lane of traffic and hit him; Redd did not observe the pickup pulling the trailer nor did he observe the driver of the vehicle pulling the trailer.

Plaintiff Sturges testified he was headed east on Highway 90 and came upon what looked like a cattle trailer sitting in his lane of traffic which had no lights on the back; that he swerved to avoid the trailer and hit plaintiff Redd's vehicle head-on; that he was knocked out and when he came to the trailer had left the scene; the trailer was a gooseneck cattle trailer, but he didn't observe the license plate; that he didn't know what kind of vehicle was pulling the trailer or who the driver was.

Officer Tumlinson testified he observed a cattle trailer loaded with cattle in Luling

between 6:30 and 7:15 on December 17; that between 1:05 and 1:10 he observed the same pickup with the gooseneck trailer at the intersection of Highways 183 and 90 (in Luling); that the headlights were very dim and there were no lights at all on the rear of the trailer; that the trailer was brown and you could see through the tailgates; that he saw only one driver and does not know whether it was a man or a woman; that shortly after seeing the truck and trailer he was notified of the accident and proceeded to the scene; [the pickup and trailer were gone from the scene when Tumlinson arrived there]. Tumlinson stopped about 2:15 AM at the Luling Livestock Auction Barn to look at a pickup and trailer which were parked there; it was the same pickup and trailer he had observed on the two prior occasions, and the hood of the pickup was still warm; he does not know what kind of a trailer was involved in the accident or who was driving the vehicle that pulled that trailer.

Officer Boding received a call at about 1:15 AM concerning the accident; he was informed there was a truck pulling a trailer with no taillights involved; that while passing the Luling Livestock Auction Barn at about 1:20 or 1:30 AM on the way to the scene he saw a pickup and gooseneck trailer sitting on the parking lot; that he stopped and felt the hood and it was warm; that no one at the scene of the accident could identify the truck but Officer Tumlinson told him the trailer was a gooseneck; Officer Boding does not know who was driving the vehicle pulling the trailer at the scene of the accident nor can he say the pickup and gooseneck trailer he saw at the Auction Barn were the same ones which were allegedly on the bridge the night of the accident.

Witness Janouski was traveling on Highway 90 the night of the accident; he saw a pickup truck pulling a dark trailer without lights heading east; he proceeded east toward the San Marcos bridge; he came upon the accident, tried to avoid Mr. Redd's vehicle; but hit the rear left of it; he observed a pickup and trailer stopped at the end of the bridge; the trailer had a wooden slat gate and not a pipe gate; that the lights of the truck he saw pulling the trailer were on and bright.

Defendant Riedel testified he went to the auction in Luling on December 17, 1976; that he owned two gooseneck trailers and two Ford pickups; that he drove from Luling to the Kingsbury area with Ricky Kotwig around 8:30 or 9 PM on December 17; that he and Kotwig got back to the auction barn between 10 and 10:30 PM; that he started to go home about 15 minutes later; that his truck would not start and he asked Kotwig to take him home; that he left his pickup and trailer at the auction barn; that he left the barn about 11 and arrived home around midnight; that he did not observe any accident on the San Marcos bridge while on his way.

Kotwig testified he is an auction worker; that he drove with defendant Riedel to the Kingsbury area at 8 or 8:30 PM on December 17; that they arrived back at the auction barn about 11 PM; that Riedel's pickup would not start and he carried Riedel home in his Ford truck.

The venue facts under 9a, Article 1995 V.A.T.S. are: (1) that an act or omission of negligence occurred in the county of suit; (2) that such act or omission was that of the defendant in person or of his agent acting within the scope of this employment; and (3) that such negligence proximately caused plaintiffs' injuries. *Cravens v. Watson*, Tex.Civ.App. (San Antonio) NWH, 293 S.W.2d 839.

The evidence establishes that a pickup truck pulling a gooseneck trailer was guilty of negligence proximately causing plaintiffs' injuries in Guadalupe County; but no witness identified Riedel's truck and trailer as being the one involved or that Riedel was at the scene of the accident; and defendant Riedel denies that he was at the scene of the accident or saw any accident.

It was the province of the finder of fact, the trial judge, to weigh all of the evidence, and to decide what credence should be given to the whole or any part of the testimony of each witness; he was judge of the

facts proved and of the inferences to be drawn therefrom. *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194.

The plaintiffs failed to meet their burden of proof that defendant and his pickup and trailer were at the scene of the accident or were the pickup and trailer which caused the accident, and the trial judge was authorized to believe and find as he did.

Plaintiffs' points are overruled.

AFFIRMED.