**E & E INVESTMENTS, a Texas Partnership, Appellant,**

v.

**Genevieve STRONG, Appellee.**

No. 18185.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 10, 1980.

Moore & Peterson, and Willis E. Kuhn, Dallas, for appellant.

Walker, Lively & Clarke, and John R. Lively, Fort Worth, for appellee.

OPINION

SPURLOCK, Justice.

A landlord appeals a judgment rendered against it for failing to return a security deposit in violation of Tex.Rev.Civ.Stat. Ann. art. 5236e (Supp.1980). The issue is whether the tenant sustained her burden to prove that the defendant was the landlord at the time the security deposit should have been returned.

We affirm.

Genevieve Strong leased an apartment at the Embassy East Apartments in May 1976. She tendered to the Embassy East management a security deposit in the form of a check in the amount of $75.00. Although Ms. Strong's check was endorsed by Embassy East, the record does not reflect who actually owned the complex at the time the deposit was made. Ms. Strong's written lease expired in May 1977. However, she continued to occupy the apartment under a month to month tenancy.

On August 8, 1977 Ms. Strong received notification of a change of ownership of the Embassy East complex. The notification was in the form of a letter on the letterhead of E & E Investments. There is no indication on the letterhead or in the letter of whether E & E Investments operates as a corporation, partnership, or sole proprietorship. The letter informed Ms. Strong that effective August 8, 1977, the new owner of Embassy East was. E & E Investments. The letter acknowledged receipt of and responsibility for her $75.00 security deposit. It also stated that the deposit would be held in accordance with the provi-

sions of the tenant's lease and applicable law, and that E & E Investments had assumed all the obligations of the prior owner.

On September 30, 1977 Ms. Strong gave the manager of the complex written notice of her intent to vacate the premises. She vacated the premises and returned her key to the apartment on September 30. At this time she notified Embassy East of her new address by attaching to the apartment key a standard change of address form obtained from the post office. Despite repeated demands, Ms. Strong's security deposit has never been returned. She has never received any correspondence from Embassy East or E & E Investments except the above described letter.

On November 28, 1977 Ms. Strong filed suit naming as the defendant E & E Investment Company, Inc. On December 16, 1977, E & E Investments, a Texas Partnership, filed an original answer alleging:

"NOW COMES E & E INVESTMENTS, A TEXAS PARTNERSHIP, Defendant, *mistakenly* sued as E & E Investment Company, Inc., in the above entitled and numbered cause, and makes this its Original Answer to Plaintiff's Original Petition and would respectfully show unto the Court the following:

"1.

"E & E Investments, a Texas Partnership, has been served with process in this cause. Although it *owns the Embassy East Apartments*, it is not incorporated as alleged." (Emphasis ours.)

After this answer was filed and before evidence was offered, the trial court permitted Ms. Strong to file a trial amendment to rename the defendant E & E Investments, a Texas Partnership.

After a trial without a jury the trial court rendered judgment against E & E Investments, a Texas Partnership, for the sum of $325.00. The amount of the judgment represents treble the $75.00 security deposit plus $100.00 statutory damages pursuant to Tex.Rev.Civ.Stat.Ann. art. 5236e (Supp.1980). The court also awarded Ms.

Strong $500.00 attorney's fees. E & E Investments appeals by twenty-two points of error. However, as stated in its brief the only real issue raised is whether there is sufficient evidence to establish that E & E Investments, a Texas Partnership, owned the Embassy East Apartments at the time Ms. Strong's cause of action accrued.

E & E Investments' appeal is based on the premise that evidence of identity is not sufficiently established by mere similarity of name when the evidence presented shows the existence of more than one entity of the same name. E & E Investments correctly states that Ms. Strong testified that she was aware of a change in ownership of the complex but that she admitted she did not know of her own personal knowledge who owned Embassy East during 1977. She stated that she only had the letter notifying her of the ownership change. This indicates the only knowledge she had was based on the letter. E & E Investments notes that Ms. Strong's attorney testified on cross examination as follows:

"Q. Is it my understanding that it is your testimony that your research has indicated that there is a corporation with a d/b/a on file in Dallas County, Texas— or it may be Tarrant County, Texas, whichever—that's E&E Investments, Inc., a Corporation; and that they have a registered agent for service, this E. H. Shahan?

"A. It was my initial investigation that turned up a Texas Corporation as E&E Investments with a Shahan, agent for service."

Based on the above, E & E Investments concludes there is no evidence proving that it was the owner of the complex at the time the cause of action accrued. It asserts that its answer merely admits ownership at the time of service of process, and that the trial court improperly assumed it was the owner at the time the cause of action arose. Supporting this position, E & E Investments relies on *Turner v. Roberts*, 513 S.W.2d 957 (Tex.Civ.App.—Fort Worth 1974, no writ).

We distinguish this case from our decision in *Turner*. In *Turner* we held that although a similarity of name raises a presumption of identity, it is insufficient where it was shown that at the material times other persons of the same name or similar names resided in the vicinity. That case dealt with the attempt to identify the driver of a car with whom the plaintiff had collided. The only evidence in that case was the plaintiff's testimony that the driver's name was Turner. In the case at bar there is an admission by the defendant that it owned the apartment complex which infers liability. There is no such admission in *Turner*. This admission coupled with the letter notifying Ms. Strong of the change in ownership is sufficient to establish that E & E Investments, a Texas Partnership was the owner at the time Ms. Strong's cause of action accrued. We do not find that the trial court merely assumed ownership. It was proper for the trial court to infer ownership from the letter coupled with the admission of ownership.

We need not discuss each of appellant's points of error. However, each point of error presented in complaint of the trial court's judgment has been severally considered. Each is overruled. The judgment of the trial court is affirmed.