Elwood J. WILLS et ux., Appellants,

v.

ROBINTECH, INCORPORATED, Appellee.

No. 6170.

Court of Civil Appeals of Texas, Waco.

March 27, 1980.

Frank B. McGregor, Hillsboro, for appellants.

Albon O. Head, Jr., Carter L. Ferguson, McLean, Sanders, Price, Head & Ellis, Fort Worth, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivision 9a, Article 1995 VATS. Plaintiff Wills sued defendant Robintech, alleging plaintiff was injured in the course and scope of his employment with defendant in Hill County, Texas when copper tubing plaintiff was handling struck a severe blow to his head causing lacerations; that such were sutured by a doctor and plaintiff returned to work; but had to be taken to his home and thereafter to the hospital suffering from post-traumatic epilepsy; that defendant had the duty to provide plaintiff with a safe working environment; and the duty to instruct employees in the safe operation of its manufacturing equipment; that defendant breached such duties to plaintiff by failing to instruct plaintiff in the safest method of operation of the equipment; and "by a failure to provide adequate safety, equipment prevention and precautions"; that such omissions were negligence proximately causing plaintiff's injuries and damage.

Defendant filed plea of privilege to be sued in Tarrant County, the county of its residence.

Plaintiff controverted asserting venue maintainable in Hill County by virtue of Subdivisions 9a and 23, Article 1995.

Trial was to the court which sustained defendant's plea of privilege and ordered the case transferred to Tarrant County.

The trial court filed Findings of Fact and Conclusions of Law finding and concluding:

"The plaintiff having failed to prove by a preponderance of the evidence any negligence on the part of the defendant as alleged in plaintiff's original petition, the defendant's plea of privilege should be sustained".

Plaintiff requested the court to make Findings including: "IV. The court finds that plaintiffs introduced testimony that an act or omission of negligence occurred in Hill County where suit was filed"; which the trial court refused to find.

Plaintiff appeals on 5 points presenting 3 main contentions.

1) The trial court erred in finding plaintiff failed to present any evidence defendant committed a negligent act or omission in Hill County in connection with plaintiff's injury.

2) The trial court erred as a matter of law in construing when venue attaches and in its construction of the preponderance of the evidence rule.

3) The trial court erred in sustaining defendant's plea of privilege for there is no or insufficient evidence to support its decision.

In a venue case involving Subdivision 9a it is plaintiff's burden to plead, prove and obtain affirmative findings that:

1) An act or omission of negligence occurred in the County of suit;  2) that such act or omission was that of defendant or his agent;  and 3) that such negligence proximately caused plaintiff's injuries.  *Redd v. Riedel*, CCA (Waco) NWH, 586 S.W.2d 653.

And such proof must be made by a preponderance of the evidence;  and where plaintiff does not show by a preponderance of the evidence that defendant was guilty of alleged negligence in county where injury occurred, defendant's plea of privilege must be sustained.  *Compton v. Elliott*, Com.Appls. adopted S.Ct., 126 Tex. 232, 88 S.W.2d 91;  *H.E.B. Food Stores v. Rodgers*, CCA (Eastland) NWH, 385 S.W.2d 626;  *McFarling v. Maltby*, CCA (Eastland) NWH, 350 S.W.2d 373;  *McAlister Trucking Co. v. Shaw*, CCA (Ft. Worth) NWH, 352 S.W.2d 530.

Moreover, the express language of Subdivision 9a requires that a plaintiff establish the venue facts "by the preponderance of the evidence".

Plaintiff plead that defendant had the duty to provide plaintiff with a safe working environment, and the duty to instruct plaintiff in the safe operation of its manufacturing equipment;  and that defendant breached such duties by failing to instruct plaintiff in the safest method of operating the equipment and in not providing adequate safety equipment.

Defendant is not a subscriber for Workers' Compensation Insurance.

Plaintiff went to work for defendant on October 9, 1978 as a helper to a pointer machine operator;  on November 13, 1978 he was promoted to pointer machine operator and received a pay increase at that time;  on December 7, 1978 he was injured while operating a machine that he testified he had never operated before.  He was attempting to feed copper tubing into the machine for processing, when the tubing slipped and hit him in the face, cutting his face;  three stitches were required to close the wound;  after which plaintiff returned to work and operated another machine for two hours when he got blurry, his vision became impaired, and he was taken home;  he was later hospitalized;  and has been sick and off the job ever since;  he was paid some insurance payments for a while;  then applied for Workers' Compensation Insurance and learned defendant had no Workers' Compensation Insurance;  he had a car wreck in 1974 from which he recovered;  he now has epileptic seizures.

Plaintiff testified he first worked for an operator of a machine and was training to be an operator;  that he had no schooling in the operation of the machine;  learned by standing there and helping the operator of the machine;  that at the time he was hurt he "was not fully qualified to operate the machine";  that "I think I knew enough to operate.  I think I was ready";  at the time of injury was not an appointed operator of any one of the machines;  that he had never operated the machine on which he was hurt before;  that he had had no instruction on how to hold the copper tubing properly;  that the tubing slipped from his hands and hit him in the face;  that he was furnished regular cloth work gloves but that the gloves were dirty with grease and oil;  that he found out after his injury what he did wrong and "was shown the proper way to take the copper tubing off the mule;  before that I was not told anything";  he had never complained to any supervisor of defendant that he had not received proper instruction for operation of the machines;  that it was his opinion he was qualified as an operator;  that he had thought he was qualified to be

an operator but now realizes he was not ready; that he doesn't know at this time how to feed the machine that injured him; that no one has explained it to him; that he didn't know how to feed it at the time he was injured; that someone had lost some fingers on the machine he regularly operated (there was no evidence of prior injuries on the machine plaintiff was injured on).

It was the province of the finder of fact, the trial judge, to weigh all of the evidence, and to decide what credence should be given to the whole or any part of the testimony of each witness (including the plaintiff); he was judge of the facts proved and of the inferences to be drawn therefrom. *Redd v. Riedel*, supra; *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194.

We think under this record the trial court authorized to find and conclude that plaintiff failed to prove by a preponderance of the evidence any negligence on the part of defendant as alleged in plaintiff's petition.

And on appeal from the trial court's order sustaining a plea of privilege every *reasonable intendment must be resolved in* favor of the trial court's judgment. *James v. Dryer*, 159 Tex. 321, 320 S.W.2d 319.

Under the record and our view of the case, Contention 1 supra becomes immaterial. All of plaintiff's other points and contentions have been considered and are overruled.

AFFIRMED.