Tommy L. **EDWARDS** d/b/a City Body
Shop, Appellant,

v.

**CLIFF INDUSTRIES, INC.,** Appellee.

No. 6239.

Court of Civil Appeals of Texas,
Waco.

Sept. 25, 1980.

Rehearing Denied Oct. 16, 1980.

Robert J. Wilson, Robert J. Wilson &
Associates, Inc., Burleson, for appellant.

J. L. Phinney, Burleson, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Edwards
d/b/a City Body Shop from take nothing
judgment in suit against defendant Cliff
Industries for $1245.72 repair bill on an
automobile belonging to Billie Hubbard.

Plaintiff Edwards sued defendants Cliff
Industries and Billie Hubbard alleging it
was employed by defendants to repair the
automobile of Billie Hubbard; that Cliff
Industries represented to plaintiff it was
liable to Hubbard for the amount of dam-
ages suffered by Hubbard's vehicle in an
automobile accident between Hubbard's ve-
hicle and a vehicle owned by Cliff Indus-
tries; that Cliff Industries represented to
plaintiff that Hubbard had been authorized
by it to have her vehicle repaired by plain-
tiff; that Cliff Industries and Hubbard
both promised plaintiff that upon comple-
tion of the repairs on the vehicle plaintiff
would receive payment; that repairs of
$1245.72 were made on the vehicle; the
vehicle delivered to Hubbard; but no pay-
ment was made.

Cliff Industries answered denying that
any of its employees agreed with plaintiff
to fix Hubbard's vehicle or that it authoriz-
ed Hubbard to enter an agreement on its
behalf; that one of its employees had a
motor vehicle accident with Mrs. Hubbard;
that the Hubbard claim had not been set-
tled and no court had determined liability
of same; that Mrs. Hubbard without con-
sent of Cliff Industries took her vehicle to
plaintiff for repair; that if repairs were
made it was done without knowledge or
consent of Cliff.

Defendant Hubbard was not served.

Trial was before the court after which the court rendered judgment plaintiff take nothing.

The trial court filed Findings and Conclusions summarized as follows:

### Findings of Fact

1) Co–defendant, Mrs. Billie Hubbard, has never been served.

2) Mrs. Hubbard took an automobile to plaintiff for repair.

3) The cost of repair was $1,245.72 which was a fair and reasonable amount.

4) Plaintiff released the vehicle to Mrs. Hubbard prior to receiving payment.

5) Mrs. Hubbard has not paid for the repairs and plaintiff cannot locate her.

6) Plaintiff contacted Cliff Industries after the vehicle was released and demanded payment.

7) Cliff Industries advised plaintiff to contact its insurance company.

8) $350. would be reasonable attorney's fee for plaintiff's attorney if liability had been established.

### Conclusions of Law

1) Plaintiff failed to prove that Cliff Industries was liable for repair of Mrs. Hubbard's vehicle.

2) Plaintiff failed to prove that Cliff Industries was responsible for labor and services he had provided Mrs. Hubbard.

3) Plaintiff failed to prove the vehicle was repaired based on reliance that he would be paid by Cliff Industries.

There were only two witnesses, Mr. Meeks and plaintiff.

Mr. Meeks, traffic manager of Cliff Industries, testified that it was reported to him that one of Cliff's vehicles was involved in a collision with a vehicle owned by Mrs. Hubbard; that a man from City Body Shop came to his office "to see what insurance company is to file–how to get his money to see what he could get in damage for Hubbard's car"; that Mrs. Hubbard came to his office to "try to get her car fixed" and "make a claim in regards to damage to her car caused by one of Cliff Industries' trucks"; that she said her car was at plaintiff's business being repaired; that plaintiff asked who was going to pay for the repairs to Mrs. Hubbard's car· that plaintiff was told he would have to get a complete release from Mrs. Hubbard and turn it in to the INA Insurance Company; that when plaintiff came to his office the work on the car had been completed.

Plaintiff Edwards testified he owns and operates City Body Shop; that Mrs. Hubbard brought her car to him for repair; that she came because "one of Cliff Industries' trucks had hit her rear end"; that he gave her an estimate of $1,245.72 to fix the car; that such estimate was fair and reasonable to make necessary repairs to the car; that he telephoned Cliff Industries to get a verification on what Mrs. Hubbard had told him about repairing the car; that the response of the representative of Cliff Industries (whom he cannot identify) was "to go ahead and fix the car and send him the bill"; that this was before he fixed the car; that based on that representation he "went ahead and repaired the car"; that upon completion of repairs to the car he took the bill to Cliff Industries and talked to Mr. Meeks; that Mr. Meeks told him "it would have to go to their insurance company, and that they would pay for the damages, and this was the first time anything was mentioned about an insurance company"; that "he took it for granted" that Cliff Industries would pay for the repairs so he delivered the car to Mrs. Hubbard; that Mrs. Hubbard has never paid anything; that he had already turned the car over to Mrs. Hubbard before he chatted with someone he could identify at Cliff Industries· that he normally doesn't deliver a car he has repaired until it is paid for, but "a company like this, they tell you they are going to do something, I figured they would do it. They assured me I would get my money. Go ahead and repair the car"; that Mrs. Hubbard has left town and cannot be found; that the insurance adjuster came out and allowed nine hundred and some odd

dollars on it, but nobody has been paid anything on it.

Plaintiff appeals on 3 points.

 Point 1 complains the trial court erred in making finding # 6 "that plaintiff contacted defendant after the vehicle was released and demanded payment" since such is not material and controlling and is supported by "no evidence"; and point 2 complains the trial court erred in making finding # 7 "that defendant advised plaintiff to contact its insurance company" since such is not material and controlling and is supported by "no evidence".

There is evidence to support both findings, and whether same are material or controlling does not constitute reversible error. The record does not show that plaintiff requested any additional findings.

 Point 3 complains there is no evidence to support the conclusions of law and that the trial court erred in entering them. The trial court concluded plaintiff failed to prove that Cliff Industries was liable for the repairs of Mrs. Hubbard's vehicle and that plaintiff failed to prove the vehicle was repaired based on reliance that plaintiff would be paid by Cliff Industries.

Plaintiff testified that he telephoned Cliff Industries and talked with someone he could not identify, and that person told him to go ahead and fix Mrs. Hubbard's car and send him the bill; that based on such representations he repaired the car.

Mr. Meeks of Cliff Industries, the only other witness, testified he talked with plaintiff in person *after* the vehicle was repaired and that he told plaintiff a release would have to be secured and turned in to the insurance company.

It was the province of the trial judge to weigh all of the evidence and to decide what credence should be given to the whole or any part of the testimony of each witness; he was the judge of the facts proved and of the inferences to be drawn therefrom. *Redd v. Riedel*, Tex.Civ.App. (Waco), 586 S.W.2d 653, NWH; *Burt v. Lochausen*, Tex., 249 S.W.2d 194.

Apparently the trial judge failed to believe plaintiff's testimony that he had a telephone conversation with an unnamed employee of Cliff Industries prior to fixing the vehicle, and that unnamed employee told him to go ahead and fix the car and send him the bill.

The plaintiff failed to carry his burden of proof.

All plaintiff's points are overruled.

AFFIRMED.