**Ted WEAVER, Appellant,**

v.

**Raymond BRINK, Appellee.**

**No. 6269.**

Court of Civil Appeals of Texas, Waco.

March 26, 1981.

Rehearing Denied April 9, 1981.

Arlen D. Bynum and Mike Russell, Law Offices of Arlen D. "Spider" Bynum, Dallas, for appellant.

Gary C. Crapster, Strasburger & Price, Dallas, W. A. Keils, Jr., Teague, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Weaver from $61,300 judgment against him in a personal injury case.

Plaintiff Brink received bodily injury when a tractor-trailer operated by him struck a cow owned by defendant Weaver, on Interstate 45 near land owned by defendant. Plaintiff sued defendant for damages for his injuries alleging defendant negligent in failing to maintain adequate fences to keep the cow from going onto the highway, in failing to keep the cow within said fences, in failing to warn drivers the cow or cows had escaped from the fences and were on the highway, that defendant was guilty of negligence per se in knowingly allowing the cow or cows to roam unattended on the highway in violation of Article 6971a VATS, and that the foregoing acts of negligence proximately caused injuries to him in the amount of $200,000. Trial was before the court without a jury which rendered judgment for plaintiff for $61,300.

The trial court filed Findings of Fact and Conclusions of Law as follows:

### Findings of Fact

1) Defendant's cows had been loose on or near the Interstate 45 right-of-way frequently in the several months preceding the accident.

2) Defendant knew or should have known that his cows had been loose on or near the Interstate 45 right-of-way frequently in the several months preceding the accident.

3) Defendant knew or should have known that the cattle presented a grave danger to the public travelling on the Interstate Highway.

4) Defendant knowingly maintained his cattle behind fences that were unable to withstand rainfalls which filled the creek bed flowing thru his land.

5) Defendant knew that his cattle had escaped many times thru the creek bed after such rainfalls.

6) At approximately noon on the day before the accident, defendant knew that the fences separating his cattle from the Interstate were under water and would probably be down when the water subsided.

7) Thereafter defendant failed to inspect the fences or the location of his cattle until after the accident.

8) The cow involved in the accident was owned by defendant and escaped thru the fence on the creek bed which defendant knew would likely be down from the water.

9) Defendant was notified the night before the accident that his cattle were loose on or near Interstate 45 but failed to remove them from the area until after the accident.

10) On the occasion in question, defendant failed to exercise ordinary care in keeping his cattle from creating an unreasonable danger on the Interstate Highway, and such failure constituted negligence which was the proximate cause of the accident.

11) As a proximate cause of defendant's conduct, plaintiff Brink suffered damages in the amount of $61,300.

## Conclusions of Law

The defendant is liable to plaintiff for $61,300.

Defendant appeals on 12 points.

The accident made the basis of plaintiff's suit occurred at 5 a. m. on March 13, 1975 on Interstate 45. Plaintiff was driving a tractor-tank trailer carrying liquid oxygen, travelling 55 miles per hour when his vehicle struck a cow belonging to defendant which was on the highway.

■ Points 1 thru 3 assert there is no evidence or insufficient evidence to support the trial court's findings 1 and 2, that defendant's cattle had been loose at or near the Interstate right-of-way frequently in the several months preceding the accident, that defendant knew or should have known of such fact, and/or that such findings are against the great weight and preponderance of the evidence.

Defendant himself testified that his cattle had gotten out from the fences and off his property on various occasions; that during a 15 year period his cattle had gotten out 5 or 6 times a year; that he knew the cattle would get out of the fences under the water gaps after a big rain; and that his cattle had been out about 4 times in the 2 or 3 month period immediately prior to the accident. The witness Owen, Police Chief of Wortham, testified that he had notified defendant 5, 6 or 7 times that his cattle were out during the first part of the year 1975.

Points 1 thru 3 are overruled.

■ Points 4 thru 6 assert there is no evidence and/or insufficient evidence to support the trial court's findings 4, 5, and 7, that defendant knowingly maintained his cattle behind fences that were unable to withstand rainfalls, that his cattle had escaped many times thru creek beds after a rainfall, and that defendant failed to inspect the fences or the location of his cattle until after the accident; and that such findings are against the great weight and preponderance of the evidence.

Defendant testified and admitted that his cows had escaped numerous times thru water gapped fences which failed and went down at least 50% of the time after a hard rain. Defendant further testified that he inspected the fence about noon the day before the accident; that there had been a pretty good rain; that water was running thru the gully and he knew there was a good chance the fence would be down; that the fence at the creek was under water; that he could not fix it at that time; and that he did not go back and fix it that day.

Points 4 thru 6 are overruled.

■ Points 7 thru 9 assert there is no evidence and/or insufficient evidence to support the trial court's findings 8, 9, 10 and 11, that defendant's cow escaped thru a fence he knew likely to be down, that defendant was notified the night before the accident that his cattle were out, that defendant's negligence was a proximate cause of the accident, that plaintiff was entitled to damages of $61,300, and that such findings were against the great weight and preponderance of the evidence.

As noted, defendant testified his cows had escaped many times from their fences; that water gaps in his fences on the creeks failed or went out 50% of the time after hard rains. The witness Owen, Chief of Police of Wortham, testified that the night before the accident he called defendant at home and told him that his cows were out; that the Navarro County Sheriff's office had called him the information; and that Mr. Weaver thanked him and said he would get them off the road. The dispatcher on duty for the Navarro County Sheriff's office testified that he wrote out an official Sheriff's department record reflecting a complaint about cows on the Interstate at about 9:30 p. m. on the night before the accident; that he wrote on the complaint card: "Message was delivered to Mr. Weaver in Wortham that his cattle were out", and that this meant that it was confirmed to him that the message was delivered that night.

Defendant denied that Chief Owen had called him the night before the accident

notifying him that his cattle were in the road; and defendant, his wife and Chief Owen testified that when and if defendant received a call that his cattle were out or near the highway he would respond to such call.

The trier of fact, in this case the trial judge, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. It is his province to weigh all of the evidence and to decide what credence should be given to any part of the testimony of each witness; he was the judge of the facts proved and the inferences to be drawn therefrom. *Burt v. Lochausen,* Tex.S.Ct., 249 S.W.2d 194; *Lynch v. Ricketts,* Tex.S.Ct., 314 S.W.2d 273; *R___ K___ M___ v. State of Texas,* CCA (San Antonio) NWH, Tex.Civ.App., 535 S.W.2d 676; *Lockett v. Redi-Fuel Transport, Inc.,* CCA (Eastland) NRE, Tex.Civ. App., 558 S.W.2d 902; *Redd v. Riedel,* CCA (Waco) NWH, Tex.Civ.App., 586 S.W.2d 653; *Edwards v. Cliff Industries, Inc.,* CCA (Waco) NWH, Tex.Civ.App., 606 S.W.2d 49.

The trial court apparently believed the witness Owen, and apparently did not believe the defendant.

Points 10 thru 12 assert there is no evidence and/or insufficient evidence to support the judgment or conclusion of law of the trial court that defendant is liable to plaintiff for $61,300; and such judgment and conclusion are against the great weight and preponderance of the evidence.

There is evidence plaintiff suffered a comminuted fracture breaking his left leg in 3 places; that he underwent surgery some 8 times on such leg, that his reasonable and necessary medical bills totalled more than $20,000; that he was earning $15,000 per year; that he was off work for 4 years after the accident; that his left leg had atrophied and was smaller than his right leg; and that he is restricted in his activities.

Points 7 thru 12 are overruled.

AFFIRMED.