NUMBER 13-00-144-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


KIM FULLER, Appellant,


v.



ALONZO ROY GRAHAM, D/B/A 

MUSTANG RIDING STABLES 

AND MUSTANG RIDERS, INC., Appellees.

___________________________________________________________________


On appeal from the County Court at Law No. 1


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 Appellant Kim Fuller filed suit against appellees Alonzo Roy
Graham, d/b/a Mustang Riding Stables, and Mustang Riders, Inc., for
damages and personal injuries sustained when his vehicle struck a
horse on state highway 361. After trial, the jury found that the
negligence of appellees proximately caused the incident in question. 
The jury awarded Fuller $44,706.00 in damages for past and future
medical care, physical pain and mental anguish, physical impairment,
and loss of earnings. The jury further awarded Fuller $1,000 for the
difference in market value of his vehicle before and after the collision. 

 Appellees filed a motion for judgment notwithstanding the verdict
on the grounds that (1) there was no evidence to support the jury's
affirmative finding that defendants were negligent, and (2) there was no
evidence to support the jury's finding that Graham was individually
liable. The trial court granted the judgment notwithstanding the verdict
without specifying the grounds on which such judgment was based. 


 Fuller appeals this take-nothing judgment by one issue. Fuller
contends that the trial court erred in granting the motion for judgment
notwithstanding the verdict because there is ample evidence to support
the jury's finding that appellees were negligent. We affirm the trial
court's judgment.

Standard of Review


 A trial court may disregard a jury's findings and grant a motion for
judgment notwithstanding the verdict only when there is no evidence
upon which the jury could have made its findings. See Mancorp, Inc.
v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). In other words, a trial
court may render a judgment notwithstanding the verdict if a directed
verdict would have been proper. See Tex. R. Civ. P. 301; Fort Bend
County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991). 

 In reviewing a judgment notwithstanding the verdict, we
determine whether there is any evidence upon which the jury could
have made its finding. The record is reviewed in the light most
favorable to the finding, considering only the evidence and inferences
that support the finding and rejecting the evidence and inferences
contrary to the finding. See Brown v. Bank of Galveston, N.A., 963
S.W.2d 511, 513 (Tex. 1998); Navarette v. Temple Indep. Sch. Dist.,
706 S.W.2d 308, 309 (Tex. 1986). If there is more than a scintilla of
competent evidence to support the jury's finding, then the judgment
notwithstanding the verdict will be reversed. See Southern States
Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989).

 In the present case, the trial court's order granting the judgment
notwithstanding the verdict fails to state the grounds on which it was
granted. When the motion presents multiple grounds for judgment
notwithstanding the verdict and the trial court fails to state the grounds
on which it granted judgment notwithstanding the verdict, the
appellant has the burden of showing that the judgment cannot be
sustained on any of the grounds stated in the motion. Fort Bend
County Drainage Dist., 818 S.W.2d at 394; Henderson v. Central Power
& Light Co., 977 S.W.2d 439, 444 (Tex.App.--Corpus Christi 1998, writ
denied). In the instant case, the motion for directed verdict was
premised on two grounds: (1) there was no evidence to support the
jury's affirmative finding regarding that appellees were negligent, and
(2) there was no evidence to support the jury's finding that Graham
was individually liable. Fuller concedes that there was no evidence to
support the jury's finding that Graham was individually liable, thus our
review will focus on the negligence finding.

Factual Background


 On August 5, 1995, at approximately 6:00 a.m., Fuller was
traveling to work at Harbor Island on highway 361. It was dark, and a
horse ran from the right side of the highway onto the road and struck
his vehicle. The accident happened "just about across the street" from
Mustang Riding Stables, which was also located on the right side of the
road. The buildings comprising the Mustang Riding Stables facility
were the only buildings located in the vicinity of the accident, but they
were "a ways off the road."

 Fuller was unable to describe the horse that he hit. He testified
that he was "reasonably sure" that it was a horse from Mustang Riding
Stables. Fuller did not see any Mustang Riding Stables fences that
were down or in disrepair, or gates that were open. He did not see any
other horses in the vicinity of the accident.

 Graham testified that Mustang Riding Stables maintains horses on
its property in thirty to forty separate pens. While the property is
fenced, the fence was erected after the accident in question. Graham
testified that Mustang Riding Stables employed many safeguards to
keep the horses in their pens and on the Mustang Riding Stables
property. 

 Graham testified that the horses were fed at approximately 6:00
a.m. each morning, and none of the horses were out of their pens at
the time of the incident in question. His employees would normally
have been present on the premises at that time. Graham testified that
he knew his horses by heart, and none were missing on the day of the
incident. Graham testified that it was "absolutely" not his horse that
was involved in Fuller's collision. In response, Fuller showed the jury
that Graham failed to produce a written inventory of the horses as
requested in discovery. 

 Graham could not testify about the status of Mustang Riding
Stable's fences or gates on the day in question. He testified that the
stable's gates would have been opened on and off throughout the day
in order to work and feed the horses. 

 Graham testified that "quite a few" other persons and entities kept
horses on Mustang Island. Four or five different persons or facilities
kept horses within a mile or mile and a half of Mustang Riding Stables,
and Mustang Riding Stables was located about 800 feet from the ditch
running alongside highway 361. Graham further testified that "lots" of
prior accidents involving horses had occurred on Mustang Island, and
that one of his horses had been involved in a collision on one occasion. 


Analysis


 Livestock owners may be liable for negligence if their animals stray
onto highways. Gibbs v. Jackson, 990 S.W.2d 745, 749 (Tex. 1999);
Beck v. Sheppard, 566 S.W.2d 569, 572-73 (Tex. 1978); see Weaver v.
Brink, 613 S.W.2d 581, 583-84 (Tex.Civ.App.--Waco 1981, writ ref'd
n.r.e.). The elements of a negligence cause of action are a duty, a
breach of that duty, and damages proximately caused by the breach of
duty. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525
(Tex. 1990). 

 In the instant matter, there was no more than a scintilla of
evidence that appellees were negligent. The mere presence of the horse
on the highway and the proximity of the accident to Mustang Riding
Stables does not create a presumption that appellees were negligent. 
See Beck, 566 S.W.2d at 571-72. There was no evidence that any of
Mustang Riding Stables' pens were down or gates open at the time of
the accident, or that appellees' horses had a propensity for escaping. 
Id. at 573. There were no facts or circumstances that can be said to
have reasonably alerted appellees to the possibility that a horse had
escaped the fences or gates, or that would show that appellees failed
to exercise due care. Id.; see also Weaver v. Brink, 613 S.W.2d 581
(Tex.Civ.App.--Waco 1981, writ ref'd n.r.e.). 

 In the instant matter, Fuller argues that circumstantial evidence
established that appellees owned or controlled the horse involved in the
collision, thus creating a legal duty on the part of appellees. Fuller
concedes that there is no direct evidence that appellees owned or
controlled the horse, but argues that the proximity of the stables to the
location of the accident, and Graham's failure to produce an inventory
of the horses as requested in discovery, raises more than a scintilla of
evidence to support the jury's finding. 

 Although an ultimate fact may be proved by circumstantial
evidence, such a finding must be based on inferences fairly drawn from
the facts in evidence and not on surmise or speculation. See Briones v.
Levine's Dept. Store, 446 S.W.2d 7,10 (Tex. 1969). The circumstances
relied upon must be of such a character as to be reasonably satisfactory
and convincing, and must not be equally consistent with the non-existence of the ultimate fact. Summers v. Fort Crockett Hotel, Ltd., 902
S.W.2d 20, 25 (Tex.App.--Houston [1st Dist.] 1995, writ denied). 
Meager circumstantial evidence from which equally plausible but
opposite inferences may be drawn is speculative and thus legally
insufficient to support a finding. Wal-Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex. 1998). In this case, we find that the evidence
consists solely of speculation, and thus constitutes no evidence to
support the jury's verdict that Mustang owned or controlled the horse. 


Conclusion


 Fuller failed to show more than a scintilla of evidence that
appellees were negligent and that their negligence was the proximate
cause of his injuries. Accordingly, we overrule Fuller's sole issue on
appeal and affirm the judgment notwithstanding the verdict granted by
the trial court.



 

 ROBERT J. SEERDEN, Chief
Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 28th day of December, 2000.